Milton GORDON, Appellant,

v.

FEDERAL DEPOSIT INSURANCE COR-
PORATION, Appellee.

No. 22119.

United States Court of Appeals,
District of Columbia Circuit.

Argued Jan. 12, 1970.

Decided March 30, 1970.

Mr. Thomas P. Smith, Hyattsville, Md., with whom Mr. Karl G. Feissner, Hyattsville, Md., was on the brief, for appellant.

Mr. Barron K. Grier, Washington, D. C., with whom Mr. Robert L. Moore, II, Washington, D. C., was on the brief, for appellee.

Before BAZELON Chief Judge, LEVENTHAL, Circuit Judge, and JAMESON,* Senior District Judge.

LEVENTHAL, Circuit Judge:

This civil case involves the issue whether, or how, its conduct should be circumscribed because the same or inter-related matters are involved in a criminal prosecution against defendant. A problem like this is never without difficulty, but the difficulties were compounded in this litigation by the circumstance that under the central calendar system the problem, in different phases, came before three different district judges.[1]

The matter before us arises on an action by plaintiff-appellee Federal Deposit Insurance Corporation brought in October 1966 for recovery for (a) nonpayment of three promissory notes, in the amount of $26,640.55, executed by defendant-appellant Gordon and delivered to the Five Points National Bank of Miami, (b) nonpayment of overdrafts on Gordon's account with Five Points in the amount of $62,081.67, and (c) nonpayment of a guaranty in the amount of $11,584.62 executed by Gordon and delivered to Five Points. All of the right, title and interest of Five Points in these documents had been assigned to the FDIC earlier in 1966.

The district court initially granted Gordon a three-month stay of the civil proceedings because of the pendency of a criminal prosecution against him in the United States District Court for the Southern District of Florida, which he contended made it inappropriate for him to answer the complaint or otherwise participate in the proceedings. At the end of the three months, the same judge refused to continue the stay.[2]

A second district judge, without explanation, denied Gordon's motion to strike or deny the FDIC's Request for Admission of Facts, a motion also predicated on the pendency of the criminal indictment. This order, issued December 15, 1967, directed defendant to comply with the Request within 15 days. A Response was filed by Gordon on December 22, 1967, but all Gordon did therein was refuse to admit or deny the facts in the Request because "the matters and things requested involve the circumstances and subject matter of a pending indictment. * * * *"

On March 28, 1968, a third district judge granted FDIC's motion for summary judgment on the ground that the Response was not a compliance with the order of December 18, that based "solely" on that order and defendant's failure to comply therewith the matters on which plaintiff requested an admission are deemed admitted by defendant, and that there is therefore no dispute of any material fact and plaintiff is entitled to judgment.

On appeal, plaintiff relies on Gordon v. Miami National Bank, 132 U.S. App.D.C. 124, 406 F.2d 660 (1968), which

---

* Sitting by designation pursuant to the provisions of Title 28 U.S.Code, Section 294(d).

1. The district court has announced good results from its first quarter of operations with the individual assignment system that it adopted on an experimental basis for criminal cases, effective October 1, 1969.

2. This order, issued June 30, 1967, directed Gordon to file an answer within 20 days. A document, captioned Answer, was timely filed but all defendant did was refuse to admit or deny any averments of the complaint on the ground that an admission or denial could subject defendant to self-incrimination.

approved the entry of a district court order declining to stay the proceedings in the civil case because of the pendency of the criminal prosecution. We adhere to that ruling, and accordingly approve the order in this case entered on June 30, 1967. There may be cases where the requirement that a criminal defendant participate in a civil action, at peril of being denied some portion of his worldly goods, violates concepts of elementary fairness in view of the defendant's position in an inter-related criminal prosecution. On the other hand, the fact that a man is indicted cannot give him a blank check to block all civil litigation on the same or related underlying subject matter. Justice is meted out in both civil and criminal litigation. The overall interest of the courts that justice be done may very well require that the compensation and remedy due a civil plaintiff should not be delayed (and possibly denied). The court, in its sound discretion, must assess and balance the nature and substantiality of the injustices claimed on either side.

We cannot say that there was abuse of discretion in denying defendant a total stay of the civil litigation. Defendant seeks to distinguish our prior *Gordon* case on the ground that the present case involves the FDIC, an arm of the same Government that is prosecuting the criminal case. That factor is not irrelevant, but it is not decisive against proceeding with the civil action. Indeed, it may be influential in the opposite direction. The Supreme Court has recently noted in United States v. *Kordel,* 397 U.S. 1, 90 S.Ct. 763, 25 L.Ed.2d 1 (Feb. 24, 1970): "It would stultify enforcement of federal law to require a governmental [regulatory] agency * * *

invariably to choose either to forgo recommendation of criminal prosecution once it seeks civil relief, or to defer civil proceedings pending the ultimate outcome of a criminal trial." Here, of course, the Government's need for civil relief, which involves merely the collection of money, is not as strong as that in *Kordel*, which involved a libel brought by the FDA against certain drugs.[3] The Court noted in *Kordel* that a more "troublesome question" would have been raised in that case if the corporation could show that no one could have answered the interrogatories directed against it without personally incriminating himself.[4]

However, the fact that the civil case is not stayed does not mean that discovery must proceed in the same way as ordinary civil litigation. The court must not only be concerned with the general consideration of whether the real purpose of the civil discovery is to obtain information that is unavailable directly in a criminal proceeding,[5] but with the further question whether to permit any discovery of the type that requires the criminal defendant to testify, for this obviously involves aspects of the privilege against self-incrimination. And so a court properly provides a protective order to prevent discovery, such as interrogatories, which "may well provide proof to the Government from which it may establish the criminal charges against the indicted defendants." Paul Harrigan & Sons, Inc. v. Enterprise Animal Oil Co., 14 F.R.D. 333 (E.D.Pa. 1953); *see also* note 4, *supra*; National Discount Corp. v. Holzbaugh, 13 F.R.D. 236, 237 (E.D.Mich. 1952); Note, 66 Mich.L.Rev. 738 (1968).

3. In the case at bar, too, the civil and criminal actions are both directed against the same individual, while in *Kordel* the civil action involved the corporation and the criminal action involved the individual. Thus the Court in *Kordel* was able to avoid the more direct conflict of rights found in this case.

4. Without committing itself on the latter situation, the Court added "For present

purposes we may assume that in such a case the appropriate remedy would be a protective order under Rule 30(b), postponing civil discovery until termination of the criminal action." 397 U.S. at 9, 90 S.Ct. at 768.

5. Campbell v. Eastland, 307 F.2d 478 (5th Cir. 1962), cert. denied, 371 U.S. 955, 83 S.Ct. 502, 9 L.Ed.2d 502 (1963).

■■ The principle is applicable not only to discovery under Rules 33 or 34, but also to admissions under Rule 36 since the order requires the criminal defendant to respond on matters of fact. Of course Rule 36(b) contains a protective provision stating:

> Any admission made by a party pursuant to such request is for the purpose of the pending action only and neither constitutes an admission by him for any other purpose nor may be used against him in any other proceeding.

But that does not prevent the use of facts set forth in the admission by the criminal prosecutor as a confirmation that facilitates preparation of the criminal case, or perhaps as a lead to other evidence, which is part of the protection of the constitutional privilege.

The FDIC contends that on the facts of this particular case there is no realistic danger of any possible use, as leads or otherwise, of a response by Gordon under Rule 36. The difficulty is that the judge who ordered Gordon to respond made no findings on this matter, and the factual inquiry is not readily pursued by an appellate court. While Rule 36 prevents the use of a response as evidence in a criminal case, the district judge gave no indication that he had considered the possibility of incrimination through more indirect use of any admissions. The issue of this possibility troubled the following district judge, who stated that it was "a very difficult matter," and began to analyse the particular matters involved in this request in order to consider the problem of possible prejudice. However, he ultimately granted summary judgment by relying on the fact that defendant had failed to comply with an outstanding order.[6] Of course, the validity of that outstanding order to respond to the request for admissions is before us on this appeal from final judgment under 28 U.S.C. § 1291.

We remand to permit the district court to clarify the reasons for denying Gordon's motion to strike the request for admissions. Our remand also contemplates that the district court, in the light of those reasons and even assuming the validity of the order requiring Gordon to respond, will give consideration to, and will exercise its discretion in determining, the appropriate sanction for failure to comply.

The mere failure to comply with an order does not of itself establish the propriety of invoking Rule 41(b) to enter judgment on the merits. If counsel presents a substantial question and is not outrightly defiant, a lesser sanction may be appropriate, under the court's authority to make such order as is just.[7] In the present case, even assuming Rule 36 warrants the admission of the facts set forth in the Request, there might have been a defense.[8] This was not highlighted by counsel for defendant, but he was focusing on his contention that the Response was not violative of the second order. While we see no error in the ruling rejecting that contention, it is by no means clear that the defendant should be precluded from presenting a substantial defense if he has one.

The problem before us could have been obviated if the FDIC had proceeded to summary judgment with an affidavit, perhaps of one of its own employees, instead of pressing for a default that raised problems as to defendant's privilege. Perhaps some such course may still be useful.

On remand the court will have the opportunity to consider both the basis for

---

6. The judge commented that defendant had made no effort to obtain review of the outstanding order, being unaware that he had requested without success that the district judge make a certification under 28 U.S.C. § 1292(b).

7. Syracuse Broadcasting Corp. v. Newhouse, 271 F.2d 910, 914 (2d Cir. 1959);

cf. Campbell v. Eastland, 307 F.2d 478 (5th Cir. 1962), cert. denied, 371 U.S. 955, 83 S.Ct. 502, 9 L.Ed.2d 502 (1963).

8. At argument before us, counsel for appellant referred to the possibility of a defense based, if we understand the point correctly, on lack of consideration, in failing to obtain a co-guarantor.

the discovery order and the appropriate sanction for failure to comply with it. We suggest that it would be in the interest of justice to refer this case to the judge who considered the motion for summary judgment since he has had occasion to pursue the matter at a later stage and in greater depth than the two judges who preceded him.

Remanded for further proceedings consistent with this opinion.