**Rodney DRIVER et al.**

v.

**Richard HELMS et al.**

**Civ. A. No. 750224.**

United States District Court,
D. Rhode Island.

Oct. 17, 1975.

Melvin L. Wulf, John H. F. Shattuck, American Civil Liberties Union, New York City, Richard W. Zacks, Providence, R.I., Burt Neuborne, New York University Law School, New York City, for plaintiffs.

Rex E. Lee, Asst. Atty. Gen., U.S. Dept. of Justice, Washington, D.C., Lincoln C. Almond, U.S. Atty., Providence, R.I., for defendants.

Harry W. Asquith, Providence, R.I., for Lyman B. Kirkpatrick, Jr.

## MEMORANDUM AND ORDER

PETTINE, Chief Judge.

This case involves claims by plaintiffs and the class they purportedly represent for money damages and injunctive and declaratory relief against some thirty present and former officials of the United States government for allegedly participating in and/or concealing a twenty-year program of opening first-class mail particularly to and from the Soviet Union. Plaintiffs contend that this program constitutes an unconstitutional invasion of their privacy and a violation of their rights under the First and Fourth Amendments to the United States Constitution.

The case is presently before the Court on motions by the United States, as a party-defendant intervenor, and by two of the defendants for a stay of all proceedings pending the completion of a criminal investigation, currently being conducted by the United States Department of Justice, of this same mail surveillance program. The movants contend that many, if not all, of the defend-

ants are actual or potential subjects of the criminal investigation and that the proceedings in this civil case should be stayed to prevent interference with the criminal investigation and infringement of the defendants' due process rights should they be indicted as a result of that investigation.

■ There is no doubt, under the leading case of *Landis v. North American Co.*, 299 U.S. 248, 57 S.Ct. 163, 81 L.Ed. 153 (1936), that a court has the power to stay proceedings "incidental to [its] power . . . to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants". 299 U.S. at 254, 57 S.Ct. at 166. Such a stay should be granted, however, "only in rare circumstances", and the burden is on the applicant "[to] make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else". *Id.* at 255, 57 S.Ct. at 166. *See also Ellsberg v. Mitchell*, 353 F.Supp. 515, 517–18 (D.D.C.1973).

The movants contend that it is particularly appropriate to grant a stay in this case because criminal proceedings should by their nature take priority over related civil proceedings. In support of this argument they cite *Cambell v. Eastland*, 307 F.2d 478 (5th Cir. 1962), *cert. denied*, 371 U.S. 955, 83 S.Ct. 502, 9 L.Ed.2d 502 (1963), in which the Court wrote:

"Administrative policy gives priority to the public interest in law enforcement. This seems so necessary and wise that a trial judge should give substantial weight to it in balancing the policy against the right of a civil litigant to a reasonably prompt determination of his civil claims or liabilities." 307 F.2d at 487.

■ Even after giving this argument "substantial weight" in analyzing the motions before the Court, I do not find that a stay of all proceedings is justified in this case. It may be noted, first of all, that the criminal proceedings to which the defendants urge this Court to defer are still only at the stage of preliminary investigations. No case has been presented to a Grand Jury, no indictments have been returned, and no trial is in progress. This case differs, then, from those cases where proceedings in civil cases have been stayed pending the outcome of related criminal trials. *E. g., Cambell v. Eastland, supra*. Moreover, there are numerous cases where courts have refused to stay civil proceedings even where the related criminal cases are much more fully developed than in this case. For example, in *Gordon v. Federal Deposit Ins. Corp.*, 138 U.S.App.D.C. 308, 427 F.2d 578, 580 (1970), after noting that there may be cases where it would be unfair to require a criminal defendant to participate in a related civil action, the Court emphasized that,

"On the other hand, the fact that a man is indicted cannot give him a blank check to block all civil litigation on the same or related underlying subject matter. Justice is meted out in both civil and criminal litigation. The overall interest of the courts that justice be done may very well require that the compensation and remedy due a civil plaintiff should not be delayed . . . ."

*See also General Dynamics Corp. v. Selb Manufacturing Co.*, 481 F.2d 1204, 1213 (8th Cir. 1973); *Ellsberg v. Mitchell, supra*.

The movants assert that allowing these civil proceedings to go forward will interfere with the criminal investigation or infringe the defendants' rights to a fair trial in potential prosecutions in three ways. First, they point out that as this case progresses the defendants and material witnesses may assert their privilege under the Fifth Amendment against self-incrimination. How this will interfere with the criminal investigations is not explained, however, and such interference is dubious since the defendants have every right to as-

sert this privilege in the criminal proceedings, whether or not the civil action goes forward. It may be that frequent assertions of the Fifth Amendment may make ultimate resolution of this *civil* case difficult until the criminal proceedings further develop, but ultimate resolution of this case is still a long way off, and there is no need at this early stage of the litigation to stay all proceedings, many of which, such as resolving questions of jurisdiction, if they arise, may be completely unrelated to the criminal investigation. Finally, the defendants have no basis for claiming that they will be prejudiced in this civil case by their need to protect themselves against possible criminal charges:

> "[The defendants] can, of course, object to depositions or interrogatories directed against [them] in a civil action where the answers might incriminate [them] in a pending criminal case . . . . But the contention that an actual or potential defendant in a criminal case should not even be put to the difficult choice of having to assert the privilege in a related civil case was rejected in *United States v. Kordel*, 397 U.S. 1, 90 S.Ct. 763, 25 L. Ed.2d 1 (1970)."

*DeVita v. Sills*, 422 F.2d 1172 (3d Cir. 1970). *See also United States v. American Radiator and Standard Sanitary Corp.*, 388 F.2d 201, 204 (3d Cir. 1967); *United States v. Sloan*, 388 F.Supp. 1062, 1064 (S.D.N.Y.1975).

The second argument put forth in favor of the motion for a stay of proceedings is that there is a danger that the potential criminal defendants may attempt to utilize the broad civil discovery available in this case to obtain details of the government's criminal case that would not be available through the more limited discovery permitted in criminal cases. This is a strong argument, and there is no doubt that "[j]udicial discretion and procedural flexibility should be utilized to harmonize the conflicting rules and to prevent the rules and policies applicable to one

suit from doing violence to those pertaining to the other". *Cambell v. Eastland, supra*, 307 F.2d at 487. A stay of all proceedings is too broad a remedy to utilize in this case, however. As indicated above, many of the proceedings at this early stage of the litigation may be totally unrelated to potential criminal cases. Moreover, if the danger alleged becomes more imminent as this case progresses, there are safeguards available less restrictive than a stay of all proceedings, such as narrowly framed protective orders once discovery is under way. *See Dellinger v. Mitchell*, 143 U. S.App.D.C. 60, 442 F.2d 782, 787 (1971); *McSurely v. McClellan*, 138 U. S.App.D.C. 187, 426 F.2d 664, 672 (1970).

Finally, defendants argue that a stay of proceedings should be granted because if they are cleared at some future date of possible criminal charges, they would be entitled to legal representation by the government without charge. While the criminal investigation is pending, however, they are not entitled to such representation because of the conflict of interest that would be created within the Justice Department. I do not find this argument compelling. While I regret the possible hardship to be suffered by some of the defendants who may be required to retain private counsel, I am also concerned for the prompt resolution of the plaintiffs' claims. It is an inevitable fact of all litigation that some parties have to spend money for attorneys. Furthermore, there is no indication of indigency on the part of any of the defendants. A stay of proceedings should be granted only where the need for the stay clearly outweighs the harm to the plaintiffs, and "this consideration is of particular importance where the claim being stayed involves a not insubstantial claim of present and continuing infringement of constitutional rights." *Dellinger v. Mitchell, supra*, 442 F.2d at 787.

The motions for a stay at this stage of the proceedings are hereby denied.