**378**

The FOUNDING CHURCH OF SCIEN-
TOLOGY OF WASHINGTON, D. C.,
INC., Plaintiff,

v.

Clarence M. KELLEY et al., Defendants.

Civ. A. No. 77–0175.

United States District Court,
District of Columbia.

Nov. 29, 1977.

John W. Karr, Earl C. Dudley, Jr., Washington, D.C., Philip J. Hirschkop, Alexandria, Va., for plaintiff.

Barbara Allen Babcock, Asst. Atty. Gen., Barbara B. O'Malley, Brian G. Kennedy, Elizabeth Gere Whitaker, Dept. of Justice, Civil Div., Washington, D.C., for defendants.

## MEMORANDUM OPINION

CHARLES R. RICHEY, District Judge.

This case is before the Court on a motion to compel answers to interrogatories pro-

pounded to the defendants Clarence M. Kelley and Griffin Bell. The complaint seeks damages and injunctive relief, alleging, *inter alia*, that a massive conspiracy has been maintained since 1955 to harass and destroy the Founding Church of Scientology and to interfere with the first amendment rights of members of the Church.

The plaintiff and the movants [1] have sought a preliminary injunction to prevent the alleged harassment and, in order to obtain proof thereof, have propounded the interrogatories at issue. For the most part, the interrogatories seek information regarding investigative techniques, surveillance, and informants used by the defendants Kelley and Bell from July 8, 1977 until September 23, 1977. On July 8, 1977, a seizure of documents occurred at plaintiff's offices and, during this three-month time period, a grand jury investigation into alleged criminal violations by members of the Church was ongoing. From the record and a hearing on a similar matter before Chief Judge Bryant on October 12, 1977, it appears that the grand jury has sought the testimony of these movants, but, for various reasons, some of them have evaded being subpoenaed.

The defendants raise three arguments in objection to this motion to compel: (1) the movants are not "parties" within Fed.R. Civ.P. 33 and, therefore, cannot properly serve interrogatories upon the defendants; (2) the interrogatories are irrelevant because they seek information not in issue in this lawsuit; and (3) the interrogatories seek information that is related to "privileged grand jury matters." For the reasons hereinafter stated, the Court rejects defendants' first two arguments, but finds that the information sought by the interrogatories will interfere with the ongoing

criminal investigation; therefore, the plaintiff/movants' motion to compel is denied.

## I. MOVANTS AS "PARTIES"

Rule 33 of the Federal Rules of Civil Procedure limits the use of interrogatories to a "party" to the litigation. The Court finds, however, that defendants' objection—that the movants are not "parties" and therefore cannot serve interrogatories—is misplaced for two reasons. First, both the plaintiff and the movants appear to have submitted the interrogatories and the motion to compel. Therefore, because the plaintiff is a party to this case and, accordingly, has the right to serve interrogatories and file the present motion, the fact that the movants have joined in the papers will not be fatal to their motion. Second, even if the plaintiff did not join in the motion, this case was brought as a class action. Until the Court has ruled that an action cannot continue as a class action, it must be regarded as a class action, if the pleadings so provide.[2] *See Equal Employment Opportunity Commission v. D. H. Holmes Co., Ltd.,* 556 F.2d 787, 793 n.9 (5th Cir. 1977) (Kunzig, J.); *City of Inglewood v. City of Los Angeles,* 451 F.2d 948 (9th Cir. 1971); Wright *Federal Courts,* § 72 at 314 (2d ed. 1970). In treating this case as a class action, the Court is aware of the evolving view that interrogatories, which according to Fed.R.Civ.P. 33 may only be served *upon* a "party," may, in certain circumstances, be served *upon* class members. *See Clark v. Universal Builders, Inc.,* 501 F.2d 324, 340–41 (7th Cir.) *cert. denied,* 419 U.S. 1070, 95 S.Ct. 657, 42 L.Ed.2d 666 (1974); *Bachman v. Collier,* 73 F.R.D. 300 (D.D.C.1977); *United States v. Trucking Employers, Inc.,* 72 F.R.D. 101, 104 (D.D.C. 1976). If a class member is a "party" for purposes of *responding* to interrogatories, then a class member should be considered a "party" for purposes of *propounding* inter-

---

1. The movants are purported members of the class sought to be represented by the plaintiff, the Founding Church of Scientology. The class has not yet been certified.

2. The Court believes this rule appropriate in controlling the discovery process in a purport-

ed class action. This should not necessarily be construed to suggest that preliminary injunctive relief may be granted to a class prior to class certification. *See Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 177–178, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974).

rogatories.[3] Accordingly, the Court must reject the defendants' argument that the movants lack standing to propound interrogatories.

## II. RELEVANCY

■ The Court finds that the interrogatories propounded are relevant to the allegations made in this lawsuit. Although the complaint alleges some 22 years of alleged harassment of the Church and its members by government activity, the interrogatories are only directed to a period of three months after the initial complaint was filed.

Whenever a plaintiff seeks to prove a pattern and practice of harassment, events indicating such harassment that occur prior to or subsequent to the times principally encompassed by the complaint are relevant to plaintiff's case. *Cf. Hazelwood School District v. United States,* 433 U.S. 299, 97 S.Ct. 2736, 2742–43 n.15, 53 L.Ed.2d 768 (1977). For example, if plaintiff could prove continuing harassment, this may be evidence of whether there was harassment at a prior time. Therefore, the Court finds that the interrogatories are relevant to the issues in this case.

## III. THE GRAND JURY INVESTIGATION

The defendants further object to the interrogatories on the ground that they seek information related to privileged grand jury matters and, accordingly, it would be improper to allow plaintiffs to obtain documents in a civil case to be used in a related criminal proceeding.

■ It is well established that a litigant [4] should not be allowed to make use of the liberal discovery procedures applicable to a civil suit to avoid the restrictions on criminal discovery and, thereby, obtain documents he might not otherwise be entitled to for use in his criminal suit. *See, e. g., Gordon v. Federal Deposit Insurance Corp.,* 138 U.S.App.D.C. 308, 310, 427 F.2d 578, 580 n.5 (1970); *United States v. Mellon Bank, N.A.,* 545 F.2d 869, 873 (3d Cir. 1976). The seminal opinion on this issue is *Campbell v. Eastland,* 307 F.2d 478 (5th Cir. 1962), *cert. denied,* 371 U.S. 955, 83 S.Ct. 502, 9 L.Ed.2d 502 (1963).[5] The Court there addressed at

---

3. In fact, the main reason why some courts do not allow interrogatories to class members is to protect the members from harassment. *See Wainwright v. Kraftco Corp.,* 54 F.R.D. 532, 534 (N.D.Ga.1972). There is no need for such protection when members seek to *propound* interrogatories.

4. Although the "litigant" in most of the cases that have applied this principle was, in fact, a criminal defendant already, this principle should *not* be limited only to persons after they become a "defendant." *See Campbell v. Eastland,* 307 F.2d 478, 487 (5th Cir. 1962), *cert. denied,* 371 U.S. 955, 83 S.Ct. 502, 9 L.Ed.2d 502 (1963) (authorizes limiting range of discovery when ". . . a criminal proceeding . . . is pending or about to be brought . . ."; ". . . a taxpayer about to be indicted . . ."); *Driver v. Helms,* 402 F.Supp. 683, 685 (D.R.I.1975) (authorizes use of protective orders when "[n]o case has been presented to a Grand Jury, no indictments have been returned, and no trial is in progress."); *SEC v. Control Metals Corp.,* 57 F.R.D. 56, 57–58 (S.D.N.Y.1972) (issued protective order when "a Grand Jury proceeding [was] pending . . . and an indictment [was] confidently expected."). The basic reason for this is that the policies that necessitate limiting civil discovery when it would interfere with a criminal

investigation, see p. 380 *infra,* are equally applicable whether the plaintiff seeking discovery is a defendant or merely the subject of a grand jury investigation. Therefore, the Court rejects the argument advanced by the plaintiff/movants that the *Campbell* principle is inapplicable to a person who is not yet a criminal defendant.

5. Plaintiff/movants assert that *Campbell, supra,* does "not reflect the law in this jurisdiction." Memorandum in Support of Discovery Requests by Plaintiff and Movants Lawrence, Lake, Mele, Glickman, Miller, Mettle and Butterworth, at 3 n.5 (October 15, 1977). For this proposition, they cite three cases which hold only that an *unreasonable stay* of a civil case because of a pending criminal proceeding will not be allowed. Not only is *Campbell* cited with approval in two of these cases, (*Gordon v. Federal Deposit Insurance Corp.,* 138 U.S.App. D.C. 308, 310, 427 F.2d 578, 580 n.5 (1970); *McSurely v. McClellan,* 138 U.S.App.D.C. 187, 195, 426 F.2d 664, 672 n.49 (1970)), but all three cases *explicitly* authorize a trial court to grant protective orders or limit discovery when necessary to protect the criminal investigative process (*Dellinger v. Mitchell,* 143 U.S.App. D.C. 60, 65, 442 F.2d 782, 787 (1971); *Gordon, supra* 138 U.S.App.D.C. at 310, 427 F.2d at 580; *McSurley, supra,* 138 U.S.App.D.C. at 195, 426 F.2d at 672).

length the policies and objectives of criminal discovery that would be thwarted if the scope of civil discovery into a criminal investigation is not limited.

Traditionally, the narrow scope of discovery in criminal litigation is justified by three considerations which are said to be peculiar to criminal law. First, there has been a fear that broad disclosure of the essentials of the prosecution's case would result in perjury and manufactured evidence. Second, it is supposed that revealing the identity of confidential government informants would create the opportunity for intimidation of prospective witnesses and would discourage the giving of information to the government. Finally, it is argued that since the self-incrimination privilege would effectively block any attempts to discover from the defendant, he would retain the opportunity to surprise the prosecution whereas the state would be unable to obtain additional facts. This procedural advantage over the prosecution is thought to be undesirable in light of the defendant's existing advantages. *The validity of each of these objections must be appraised in each of the situations in which the defendant may seek discovery and must be weighed against the importance to the defendant of the disclosure.*

307 F.2d at 487 n.12, *quoting Developments in the Law—Discovery,* 74 Harv.L.Rev. 940, 1052 (1961) (emphasis added). The court then concluded that in some situations it may be appropriate to stay the civil proceeding, while in others, the trial judge "should use his discretion to narrow the range of discovery." 307 F.2d at 487.

This Court finds that, in balancing[6] the plaintiff/movants' need for the information sought against the Government's need to prevent interference with a criminal investigation that may result from civil discovery, the motion to compel must be denied. Plaintiff/movants' need for the information is not as urgent as they claim. They have alleged some 22 years of harassment by the defendants in this lawsuit. Instead of attempting to discover information from the nine defendants relevant to proving harassment during this extended period, plaintiff/movants seek from only two of the defendants—significantly, the only two defendants who are responsible for the ongoing grand jury investigation—information related to the limited time period when the grand jury investigation was apparently being conducted. Thus, while the plaintiff/movants' need is not so great at this stage of the litigation, the Government *does* have an urgent need in protecting its present investigative operations. Therefore, the Court believes that the government's interest in preserving the secrecy of the ongoing criminal investigation outweighs the plaintiff/movants' need for this information, in light of the vast period of time for which information relevant to the harassment allegations could be sought.

An Order in accordance with the foregoing will be issued of even date herewith.

---

6. Plaintiff/movants rely heavily upon the factors which the court in *United States v. Simon,* 373 F.2d 649 (2d Cir.), *vacated on other grounds,* 389 U.S. 425, 88 S.Ct. 577, 19 L.Ed.2d 653 (1967), said ought to be balanced in deciding whether to require the government to disclose. This Court believes that applying these factors, the result reached would be consistent with this Court's decision. In any case, the *Simon* court dealt with a case in which an independent party was bringing the civil action. The court there rejected as "inapposite" the line of cases in which a defendant in a criminal case seeks to use the civil rules to obtain disclosure of the government's evidence, a situation analogous to the one now before this Court. 373 F.2d at 653.