The LAROUCHE CAMPAIGN, et al., Plaintiffs,

v.

The FEDERAL BUREAU OF INVESTIGATION, et al., Defendants.

Civ. A. No. 84–3715–G.

United States District Court, D. Massachusetts.

June 24, 1985.

Robert Rossi, Boston, Mass., for plaintiffs.

Asst. U.S. Atty. Martha B. Sosman, Boston, Mass., for Federal defendants.

John D. Hanify, Boston, Mass., for defendant State Street Bank.

Defendant Bank of Boston was not represented at this hearing.

## ORDER ON DEFENDANTS' MOTIONS TO STAY DISCOVERY AND MOTIONS FOR PROTECTIVE ORDER

JOYCE L. ALEXANDER, United States Magistrate.

The instant motions arise from a complaint brought by plaintiffs, the LaRouche Campaign and the Independent Democrats for LaRouche ("Plaintiffs" or "LaRouche") against the Federal Bureau of Investigation ("FBI"), William H. Webster, William Weld, William French Smith,[1] the Bank of Boston, and State Street Bank.[2] Plaintiffs allege *inter alia,* that the Federal defendants and the Bank defendants interfered with the campaign financing activity of plaintiffs in violation of plaintiffs' First, Fourth, Fifth, and Ninth Amendment rights under the United States Constitution. Jurisdiction is asserted under 28 U.S.C. § 1331 and 28 U.S.C. §§ 2201, 2202. Plaintiffs seek equitable relief from the Federal defendants and equitable and monetary relief from the Bank defendants.

At a hearing held on the motions, plaintiffs were represented by Robert Rossi, Esquire, the Federal defendants by Assistant United States Attorney Martha B. Sosman, and defendant State Street Bank by John D. Hanify, Esquire. Defendant Bank of Boston was not represented at this hearing.

The gravamen of plaintiffs' complaint is that the Federal and Bank defendants have harassed and pressured contributors to the plaintiffs to recant those contributions and claim that the contributors were defrauded. This activity by the Federal and Bank defendants is alleged to have been precipitated by a news piece run by a local National Broadcasting Company affiliate concerning unauthorized credit card charges involving the plaintiffs.

The Federal defendants have informed the Court that there is an on-going criminal investigation of plaintiffs which involves the improper use of credit card transactions. Thus, the Federal defendants brought the instant motion to protect that investigation. The Bank defendants also have brought similar motions due to the pendency of the criminal investigation.

Plaintiffs oppose the motions on several grounds. First, plaintiffs contend that the present civil case is distinct and separate from the criminal investigation. Next, plaintiffs contend that no discovery requests have been served on the Federal defendants so that the relief requested is inappropriate and overbroad. Finally, plaintiffs assert that the Bank defendants should not be allowed to avoid discovery by asserting the pendency of a separate criminal investigation.

The Court begins with the general proposition that the broad rules of civil discovery cannot be used to circumvent the more restrictive rules of criminal discovery. *See, United States v. Mellon Bank,* 545 F.2d 869, 873 (3rd Cir.1976); *McSurely v. McClellan,* 426 F.2d 664, 671–72 (D.C.Cir. 1970); *Campbell v. Eastland,* 307 F.2d 478, 487 (5th Cir.1962) *cert. denied* 371 U.S. 955, 83 S.Ct. 502, 9 L.Ed.2d 502 (1963). *See also Founding Church of Scientology v. Kelley,* 77 F.R.D. 378, 380 (D.D.C.1977) ("It is well-established that a litigant should not be allowed to make use of the liberal [civil] discovery procedures ... to avoid the restrictions on criminal discovery.") This principle applies whether or not the litigant is *actually* a defendant in the parallel criminal case. *Founding Church of Scientology,* 77 F.R.D. at 380 fn. 4. However, the Court is cognizant of the restrictions on the principle: "[s]uch a

---

**1.** William Webster as Director of the FBI, William Weld as the United States Attorney for the District of Massachusetts, and William French Smith as the former Attorney General of the United States are all being sued in their official capacities only for the purposes of declaratory and injunctive relief. This order will refer to the FBI and the three federal officials as the Federal defendants.

**2.** The two banks will be referred to as the Bank defendants.

privilege is not of unlimited duration, but ceases after a reasonable time." *Kinoy v. Mitchell,* 67 F.R.D. 1, 12 (S.D.N.Y.1975).

 Turning to plaintiffs' contentions, the Court finds them unpersuasive. First, the closeness in proximity in the filing of this case *after* the initiation of the criminal investigation, and the similarity in the subject matter, i.e. credit card transactions, of the two cases vitiates against plaintiffs argument that the two cases are separate and distinct actions. Moreover, plaintiffs cannot receive information through the "backdoor" that which cannot be obtained through the front; in other words, by only directing discovery requests to the Bank defendants, plaintiffs cannot circumvent the discovery rules in criminal proceedings. It is clear to this Court after review of the requests that the discovery requests directed to the Bank defendants have a direct bearing on the ongoing criminal investigation, and therefore are not discoverable, at this time, in the parallel civil action.

Accordingly, this Court hereby ALLOWS the Federal and Bank defendants' motions for stay of discovery. In order to protect plaintiffs' rights in the present action and in keeping with the restrictions on the stay of parallel actions, this order will be in effect from this date until the grand jury that has been impanelled is released after failing to return an indictment against either of the *present* plaintiffs or until the conclusion of the presentation of evidence against the *present* plaintiffs in a trial of the aforementioned parallel criminal proceeding.

SO ORDERED.