**Ahmed Zaid Salem ZUHAIR, Petitioner,**

v.

**George W. BUSH, et al., Respondents.**

Civ. No. 08–0864 (EGS).

United States District Court, District of Columbia.

Dec. 22, 2008.

Michael J. Wishnie, Allard K. Lowenstein International Human Rights Clinic, Ramzi Kassem, Yale Law School, New Haven, CT, for Petitioner.

Arlene Pianko Groner, James Edward Cox, Jr., Scott Michael Marconda, Andrew I. Warden, James C. Luh, Paul A. Dean, Scott Douglas Levin, Sean W. O'Donnell, Jr., Terry Marcus Henry, U.S. Department of Justice, Civil Division, August Edward Flentje, U.S. Department of Justice, Washington, DC, for Respondents.

**ORDER**

EMMET G. SULLIVAN, District Judge.

Pending before the Court is Petitioner's Emergency Motion to Compel Immediate Medical Relief, requesting an order that (1) the government refrain from restraining Petitioner during force-feeding; (2) the government immediately diagnose and treat the cause of Petitioner's vomiting and inability to retain feeding solution; (3) the government substitute a non-corn-based feeding solution to the extent that an allergy is the cause of Petitioner's inability to retain the feeding solution; (4) the government immediately provide Petitioner's counsel with all medical and mental health records relating to Petitioner and provide updated records on a continuing basis; and (5) the government permit a physical examination of Petitioner by an independent medical expert retained by Petitioner's counsel.

Upon consideration of the motion, the government's opposition thereto, the reply in support thereof, the supplemental briefing ordered by the Court, the relevant law,

the record herein, and oral arguments during the hearing in open court on December 18, 2008, and pursuant to the Court's oral ruling at the conclusion of that hearing, the motion is **GRANTED IN PART and DENIED IN PART.**

The Court finds that in view of the pleadings filed by both the Petitioner and the government, including Petitioner's counsel's declaration that the Petitioner was vomiting through a significant portion of the most recent attorney-client meeting at Guantanamo Bay, that Petitioner's health has continued to deteriorate, and that, in counsel's estimate, Petitioner has lost significant weight, and in view of the government's own medical doctor's declaration that on December 15, 2007, Petitioner weighed 147 pounds, that on October 1, 2008, Petitioner weighed 121 pounds, and on November 11, 2008, Petitioner weighed 111 pounds, less than eighty percent of his ideal body weight, Petitioner should be granted some, but not all, of the relief he seeks. Therefore, pursuant to Federal Rule of Evidence 706, and in order to ensure that Petitioner has meaningful access to counsel, that his counsel are able to adequately communicate with him in order to represent his claims to this Court, and to preserve this Court's jurisdiction over Petitioner's habeas petition, *see, e.g., Husayn v. Gates,* 588 F.Supp.2d 7, 2008 WL 5046478 (D.D.C. Nov. 28, 2008); *Joudi v. Bush,* 406 F.Supp.2d 13, 21–22 (D.D.C. 2005), the Court will appoint its own medical/mental health expert to examine the Petitioner and provide the Court with a report and any recommendations. Therefore, it is hereby:

**ORDERED** that the government shall forthwith provide Petitioner's counsel with copies of all of Petitioner's medical and mental health records, on a continuing basis, pending further order of the Court; and it is further

**ORDERED** that by no later than noon on December 24, 2008, the parties shall confer in an effort to agree on the names of three medical professionals, and, if they are unable to agree, each side shall submit its list of three names to be considered by the Court for appointment as an independent medical expert to examine Petitioner and provide the Court with a report on his medical and mental health condition; and it is further

**ORDERED** that Petitioner's request for an order that (1) the government refrain from restraining Petitioner during force-feeding; (2) the government immediately diagnose and treat the cause of Petitioner's vomiting and inability to retain feeding solution; (3) the government substitute a non-corn-based feeding solution to the extent that an allergy is the cause of Petitioner's inability to retain the feeding solution; and (4) the government permit a physical examination of Petitioner by an independent medical expert retained by Petitioner's counsel are **DENIED without prejudice** pending the independent medical expert's report; and it is further

**ORDERED** that the Court's Order to the government to produce all exculpatory information related to the allegations in the amended factual return that have been withdrawn by the government is **STAYED** pending the Court's resolution of the government's Motion for Reconsideration.

**SO ORDERED.**