UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                )
REGINALD G. MOORE, et al.,       )
                                )
        Plaintiffs,              )
                                )
        v.                       )   Civil Action No. 00-953 (RWR)
                                )
JEH JOHNSON,                     )
                                )
        Defendant.              )
_____)

## MEMORANDUM ORDER

Plaintiffs, African-American current and former special agents of the United States Secret Service, bring this employment discrimination action individually and on behalf of a class of African-American special agents. The government moves to reconsider the court's September 3, 2013 Order ("Order") denying its request to reopen discovery. Because the government fails to show that reconsideration is warranted, the government's motion will be denied.

The government moves under Federal Rule of Civil Procedure 54(b) to reconsider the Order denying the government's request to reopen expert and fact discovery. Def.'s Mot. for Reconsideration of Sept. 3, 2013, Order Denying Post-Certification Fact and Expert Discovery ("Govt.'s Mot."). The case was referred to Magistrate Judge Robinson to manage discovery proceedings. Fact and expert discovery closed in 2008

and the class was certified in February 2013. The government initially asked to reopen discovery in the parties' July 29, 2013 Joint Status Report, stating that the government "may explore additional areas of expert statistical evidence" and it "has a right to seek fact discovery from the class members as to the issue of liability and damages." July 29, 2013 Joint Status Report and Proposed Order ("July 2013 JSR") at 7. The government asserts that it was unable to engage in this discovery before now because it "did not know at that time that these individuals would be presenting anecdotal evidence on behalf of the class" and "now that the class is defined, defendant will seek to depose other now identified class members." Id. This request was denied at a status hearing held on July 31, 2013 and in the Order.

Courts may reconsider any interlocutory decision, such as a discovery ruling, "at any time before the entry of a judgment adjudicating . . . all the parties' rights and liabilities." Fed. R. Civ. P. 54(b); see also DL v. District of Columbia, 274 F.R.D. 320 (D.D.C. 2011) (denying motion to reconsider discovery ruling under Rule 54(b)); Husayn v. Gates, 588 F. Supp. 2d 7 (D.D.C. 2008) (granting motion to reconsider discovery ruling under Rule 54(b)). "[R]elief upon reconsideration . . . is available 'as justice requires.'" Estate of Botvin ex rel. Ellis v. Islamic Republic of Iran, 772 F. Supp. 2d 218, 223 (D.D.C.

2011) (quoting Childers v. Slater, 197 F.R.D. 185, 190 (D.D.C. 2000)).  Under this standard, a court considers "whether [it] patently misunderstood the parties, made a decision beyond the adversarial issues presented, made an error in failing to consider controlling decisions or data, or whether a controlling or significant change in the law has occurred."  In Def. of Animals v. Nat'l Insts. of Health, 543 F. Supp. 2d 70, 75 (D.D.C. 2008) (internal quotation marks omitted).  "However, in order to promote finality, predictability, and economy of judicial resources, as a rule [a] court should be loathe to [revisit its own prior decisions] in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice."  Pueschel v. Nat'l Air Traffic Controllers' Ass'n, 606 F. Supp. 2d 82, 85 (D.D.C. 2009) (alterations in original) (internal quotation marks omitted).  Nor is a motion for reconsideration to be used as an opportunity to rehash arguments previously made and rejected. Michilin Prosperity Co. v. Fellowes Mfg. Co., Civil Action No. 04-1025 (RWR), 2006 WL 3208668, at *1 n.1 (D.D.C. Nov. 7, 2006). "[W]here litigants have once battled for the court's decision, they should [not] be . . . permitted[] to battle for it again." Pueschel, 606 F. Supp. 2d at 85 (alterations in original) (internal quotation marks omitted).

The government's motion reiterates that discovery should be reopened and that it would be prejudiced by a refusal to reopen discovery.  However, as the government points out, it made these very arguments at the hearing.  See Govt.'s Mot. at 11.  The government has not shown that the Order resulted from any misunderstanding, or exceeded the scope of the parties' arguments, or failed to consider information presented.  See Negley v. FBI, 825 F. Supp. 2d 58, 60-61 (D.D.C. 2011).  To the contrary, the transcript reflects consideration of the government's argument about its need for additional discovery.  Hr'g Tr., July 31, 2013, at 5:6-23.  Neither has the government identified any "controlling or significant" legal changes warranting reconsideration.  Negley, 825 F. Supp. 2d at 60.

The government argues that the Order was "based upon the misapprehension that the Secret Service was previously permitted to engage in full class discovery."  Govt.'s Mot. at 2.  However, there is no misunderstanding about the facts.  The initial scheduling order "was not limited to class certification, it was not limited to . . . experts on class certification; it was an order that permitted, essentially, general discovery on liability issues and everything else."  Hr'g Tr., July 31, 2013 at 5:20-23; see also Hr'g Tr., May 8, 2006 at 32:8-12 ("Simply put, there is no basis that has been presented which would suggest that this Court would appropriately exercise its discretion to . . .

otherwise limit discovery at this time."). Many of the government's arguments center on the inefficiency of conducting merits discovery before class certification, e.g., Govt.'s Mot at 14 (citing the Federal Judicial Center Manual to contend that "it is inefficient and inadvisable to require that all discovery occur before a class has been certified"); id. at 2 (explaining that discovery now "can be appropriately tailored so that it focuses on only the certified claims"), but that is not at issue here. The government's request to bifurcate class certification and merits discovery was rejected, and discovery on both the individual and class claims was ordered to proceed. See Hr'g Tr., May 8, 2006 at 32:8-12 (denying bifurcation); id. at 34:14-16 (ordering plaintiffs' and defendant's discovery on individual and class claims to begin immediately); Reply in Support of Mot. for Reconsideration of Sept. 3, 2013, Order Denying Post-Certification Fact & Expert Discovery ("Reply") at 4 (acknowledging that discovery on the class claims was ordered in 2006). The government's need for the evidence for a trial on the class claims, Govt.'s Mot. at 14, does not necessitate reconsideration. The government has had an ample opportunity to explore the class issues since discovery closed in 2008, over a year after the second amended complaint was filed in August 2006. This discovery period was not limited to individual claims discovery by the second amended complaint, the scheduling order,

or any other court orders. Indeed, "there was no surprise that this was going to end up being a class case." Hr'g Tr., July 31, 2013 at 8:17-22.

The government's belated assertion that it was denied absent class discovery by Magistrate Judge Robinson's ruling, Govt.'s Mot. at 6-7, 17, could -- and should -- have been squarely presented before now. Instead, the government merely asserted that it had a right to additional discovery, and that it could not engage in this discovery earlier because it did not know who the potential witnesses were. July 2013 JSR at 7; see also Hr'g Tr., July 31, 2013 at 7:6-21. Similarly, the government initially only cited general cases that allowed fact and expert discovery after the class certification discovery, cases which were rejected as inapposite, see Hr'g Tr., July 31, 2013, at 5:7-18. The government did not provide any legal authority justifying its request for absent class discovery, nor did it explain why the discovery it already had the opportunity to conduct was insufficient. A motion to reconsider is not "a vehicle for presenting theories or arguments that could have been advanced earlier." Clay v. District of Columbia, Civil Action No. 03-466 (SBC), 2005 WL 1378768, at *1 (D.D.C. June 6, 2005).

The government repeatedly states that it believed that "there would be post-certification discovery of absent class members," e.g., Reply at 5-8; Govt.'s Mot. at 7; July 2013 JSR at

8 (asserting that "[i]f pre-certification discovery was the only discovery to be allowed in this class action case, the parties should have been put on notice that no post-certification discovery would be allowed"), but as is discussed above, there was no indication that the government would be permitted to engage in additional discovery after the discovery period had ended.  Indeed, the government specifically requested that discovery be revisited and a new schedule be set if the class was ultimately certified, see May 4, 2006 Joint Status Report at 5, 5 n.3, but this request was rejected.  See Hr'g Tr., May 8, 2006 at 32:8-12.  While the government moved for reconsideration of that order, the motion for reconsideration was denied without prejudice in the July 7, 2006 Memorandum Opinion and the government did not renew its objection.

The denial of the government's motion to compel the plaintiffs to produce information "about potential class members prior to certification," Reply at 5, does not compel another conclusion.  Magistrate Judge Robinson did not say that additional discovery from the absent class members would be available later, the government did not then request that such discovery be available later, and the government did not appeal Magistrate Judge Robinson's decision.  The government's claims about whether it received sufficient discovery, see, e.g., Govt.'s Mot. at 6, Reply at 5-6, from the plaintiffs during the

discovery phase is not at issue, nor is it relevant to determining whether reopening discovery is appropriate. See Childers, 197 F.R.D. at 188 (listing factors relevant to reopening discovery). Moreover, it is not clear that the government requested the same information then that it is requesting now. Compare Reply Ex. 4 ("What we're seeking is information that Plaintiffs currently possess regarding people who are likely to be members of the class.") with Govt.'s Mot. at 17 (asserting that the government should be able to now depose absent class members that provided declarations as well as "conduct related discovery about their assertions"). Thus, whether the government's motion to compel written discovery from the plaintiffs was denied has little bearing on whether the government was previously foreclosed from pursuing the discovery it now seeks. Ultimately, the government provides no legal authority that its own misapprehension about the scope of discovery suffices to show either that discovery should be reopened or that reconsideration should be granted.

In any event, even if reconsideration was justified and the government raised this argument in its first request to reopen discovery, the government has not sufficiently demonstrated that it is entitled to absent class discovery. The government, as the requesting party, has the burden to show that discovery from absent class members is warranted, because, for example, the

discovery is necessary or unavailable from the representative parties.  See United States v. Trucking Emp'rs, Inc., 72 F.R.D. 101, 104-05 (D.D.C. 1976).  While the government now contends that it was prevented from obtaining discovery about potential class members and their claims by Magistrate Judge Robinson's ruling, see Govt.'s Mot. at 6-7, 17, the government still has not answered the threshold question of why that discovery is warranted.  The government rests on its argument that it "should be provided the opportunity to depose these declarants who have figured prominently in this case," and because the members "'may be witnesses, [defendant] has the right to discovery beyond what the absent class members have said to establish the factual incorrectness of what they have said or to see if their experiences were frequent or aberrational.'"  Govt.'s Mot. at 17 (alteration in original) (quoting Disability Rights Council of Greater Wash. v. WMATA, Civil Action No. 04-498 (HHK/JMF), 2006 WL 2588710, at *1 (D.D.C. Sept. 7, 2006)).  This fails to demonstrate why absent class member discovery is necessary or unavailable from the representative parties, what particular information is needed from the absent class members, or how that information relates to the common class issues.  See, e.g., Barham v. Ramsey, 246 F.R.D. 60, 64 (D.D.C. Nov. 8, 2007) (denying absent class discovery because "[t]he Court is not persuaded this information is necessary" to resolve class issues

about the defendants' motivations).  Without information about how the discovery sought is relevant to the class issues, an assessment cannot be made about the necessity of that discovery.

The government also has not shown that a legal error occurred when the request to reopen expert discovery was rejected.  Pueschel, 606 F. Supp. 2d at 85.  The government did not offer any substantive arguments in support of its initial request to reopen expert discovery.  See July 2013 JSR at 7; Hr'g Tr., July 31, 2013, at 7:21-8:16 (stating that the expert did not provide regression analysis but failing to state why the expert did not conduct regression analysis earlier).  The government now argues that "the Court had suggested that post-certification discovery would be available," e.g., Reply at 12, 12, but fails to point to any representation by the Court that post-certification expert discovery would be available.  At best, the government's proffered citations refer only to later factual discovery, not expert discovery.  See Govt.'s Mot at 6-7; Reply at 5-9.  The government also offers the fact that "[t]he Court did not address whether liability-stage expert class discovery might later proceed, should a class ultimately be certified on the basis of the pre-certification evidence, including that provided by plaintiffs' statistical expert," id. at 7, as support for this contention.  Because expert discovery was not limited to particular claims and there was no representation that later

expert discovery would be permitted, this is insufficient to show that a manifest injustice would occur without reconsideration. The government's attempt to re-litigate the same issues in its motion for reconsideration does not satisfy Rule 54(b)'s requirements, particularly when the government did not present sufficient arguments supporting its initial request to reopen discovery.  See Clay, 2005 WL 1378768, at *1.

Further, the government readily admits that it did not initially request a more extensive expert report because, in part, "the belief that the substantial cost of a regression analysis could not be justified prior to the certification of a class."  Govt.'s Mot. at 8; see also Govt.'s Mot at 16 (repeating that "only now are the parties finally in a position to efficiently and cost-effectively evaluate statistically" the plaintiffs' claims).  The government also now argues that it could not conduct expert analysis before because "the parameters of any certified class were unknown," Govt.'s Mot. at 7, and it "would have needed to conduct countless analyses, most of which would have been rendered useless."  Govt.'s Mot. at 16.  These strategic decisions offer no reason to reconsider the Order.  The government does not demonstrate that there would be a manifest injustice because of, for example, limitations in previous rulings or scheduling orders that prevented it from conducting the expert analysis it now desires before discovery closed.

Ultimately, regardless of whether bifurcation should have occurred, bifurcation of discovery between class certification and merits discovery did not happen.  The parties each made strategic decisions with respect to which fact and expert discovery in which to engage and from which to abstain.  Thus, the government's failure to engage in full merits discovery before the class certification does not require either reopening discovery, or reconsidering the decision denying the request to reopen discovery.  Because no error infected the decision to deny reopening discovery, and no manifest injustice will result from that decision, the government has not established that justice requires reconsideration.  Accordingly, it is hereby

ORDERED that defendant's motion [757] for reconsideration be, and hereby is, DENIED.  It is further

ORDERED that plaintiffs' motion [769] for leave to file a surreply is DENIED as moot.

SIGNED this 4th day of March, 2014.

_____/s/_____
RICHARD W. ROBERTS
Chief Judge