**Joe KATIN, Appellant,**

v.

**CITY OF LUBBOCK, Appellee.**

**No. 07–82–0010–CV.**

Court of Appeals of Texas, Amarillo.

July 29, 1983.

Rehearing Denied Aug. 16, 1983.

Floyd D. Holder, Jr., Lubbock, for appellant.

John C. Ross, Jr., City Atty., Susan M. Horton, Asst. City Atty., Lubbock, for appellee.

Before REYNOLDS, C.J., and DODSON and COUNTISS, JJ.

REYNOLDS, Chief Justice.

In its suit to permanently enjoin the violation of its zoning ordinance, the City of Lubbock secured a summary judgment decreeing that Joe Katin, d/b/a International House of Pancakes, remove and perpetually desist and refrain from maintaining a portable sign on his business premises. On appeal, Katin contends the court erred in rendering the summary judgment because (1) the City failed to prove the validity of its ordinance, and (2) the court circumvented his claimed Fifth Amendment privilege against self-incrimination made in refusing to answer a request for admissions of fact by deeming the facts admitted. Concluding that, under this record, the City established its entitlement to summary judgment, we overrule Katin's two points of error and affirm the judgment.

Alleging that Katin was maintaining a portable sign on his business premises at 1627 University in Lubbock in violation of its comprehensive zoning Ordinance No. 7084 and particularly Section 23.3 thereof, which prohibits portable or wheeled signs in all city districts, the City sued to permanently enjoin Katin's violation. Ordinance No. 7084 was made a part of the City's pleadings by reference, and the pertinent subsections of Section 23.3 of the ordinance

were attached to the pleadings as exhibits. Katin answered with a general denial.

The City propounded interrogatories to Katin, who answered them. Then the City requested, pursuant to Rule 169,[1] admissions of fact by Katin, who responded to each request by stating, under oath, "I respectfully refuse to answer this admission based upon the Fifth Amendment, and the fact that the answer thereto might tend to incriminate myself." After hearing the City's motion to deem the facts admitted, the trial court ordered that the facts requested to be admitted would be deemed admitted if Katin did not answer or respond to the order within seven days. Katin did not answer or respond to the order.

Next, the City moved for summary judgment, incorporating in its motion by reference its pleadings, Katin's answers to the interrogatories, the deemed admissions of fact, and a certification of extracts from Section 23.3 of Ordinance No. 7084 which prohibits portable or wheeled signs in all districts. Katin did not file an answer or otherwise respond to the City's summary judgment motion.

Following a hearing on the City's motion for summary judgment, the court, formally deeming the admission of the facts requested to be admitted by Katin, granted the motion. By granting the motion, the court necessarily determined that the City had established by its summary judgment proof the existence of a valid ordinance which Katin was violating by maintaining a portable sign on his premises. The court rendered judgment commanding Katin to remove the portable sign and to perpetually desist and refrain from maintaining a portable sign as his business premises. A writ of injunction was issued and served on Katin.

■ Thereafter, the City, asserting that Katin refused to remove the portable sign in violation of the court's order, moved the court to enforce its order by contempt. The court set a date for Katin to appear and show cause why he should not be held in contempt; but, prior to the show-cause date, Katin timely filed an appeal bond, thereby perfecting his appeal to this Court and depriving the trial court of the power to enforce its order.[2] *Ex parte Boniface,* 650 S.W.2d 776, 778 (Tex.1983).

■ To merit the summary judgment rendered, the City was required to conclusively prove by its summary judgment proof all of the elements of its cause of action. Katin did not offer the trial court any reason to avoid the City's entitlement to summary judgment on the proof adduced; consequently, in this appeal, he may contend only that the grounds expressly presented to the trial court by the City's motion are insufficient as a matter of law to support the summary judgment. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678 (Tex.1979).

■ In this connection, Katin does not dispute that Ordinance No. 7084, which was incorporated by reference in the City's pleadings, and the certified extracts from Section 23.3 thereof, which were attached to the City's summary judgment motion, were properly before the trial court as summary judgment proof. *Teer v. Duddlesten,* (Tex.1983); 26 Tex.Sup.Ct.J. 544, 546 (July 23, 1983). Instead, Katin contends that the City was required to prove, as a prerequisite to its entitlement to summary judgment, the validity of the ordinance, citing, among other cases, *Baccus v. City of Dallas,* 454 S.W.2d 391 (Tex.1970). We recognize that the City would have had that burden if the validity of the ordinance was, as in *Baccus,* the issue in the trial court, *Id.* at 392; but, in this cause, the validity of the ordinance was not placed in issue in the trial court.

■ Once the existence of the ordinance was shown, its validity is presumed, *Thompson v. City of Palestine,* 510 S.W.2d

---

1. References to rules are to the Texas Rules of Civil Procedure.

2. At Katin's request, the trial court fixed the amount of the supersedeas bond to suspend the judgment at $1,500; but the record does not reveal whether a supersedeas bond was filed.

579, 581 (Tex.1974), and the presumption obtains until and unless facts are adduced to raise a question of invalidity. *City of Pharr v. Tippitt,* 616 S.W.2d 173, 175–76 (Tex.1981). Given the presumption of validity and the failure of Katin to raise that factual issue in the trial court as a reason to avoid the City's entitlement to summary judgment, the City was not required to negate the possible factual issue of the ordinance's invalidity, and Katin may not raise that fact issue for the first time on appeal to defeat the summary judgment. *City of Houston v. Clear Creek Basin Authority, supra,* 589 S.W.2d at 678–79.

 Nor is Katin in any position to defeat the summary judgment rendered on the proof, a part of which was supplied by the facts deemed admitted, by claiming a Fifth Amendment privilege against self-incrimination as the basis for refusing to either admit or deny the facts requested to be admitted. In this regard, Katin submits that his assertion of the privilege is valid on its face since a violation of a zoning ordinance also can be punished by criminal sanctions. However, the City's request for admissions of fact was authorized by Rule 169, which contains this provision: "Any admission made by a party under this rule is for the purpose of the pending action only and neither constitutes an admission by him for any other purpose nor may be used against him in any other proceeding." The language is identical to that in Rule 36, Federal Rules of Civil Procedure, 28 U.S. C.A., the source of our Rule 169. *Sanders*

*v. Harder,* 148 Tex. 593, 227 S.W.2d 206, 208 (1950).

Because the rule language prevents the requested admissions, if made, from being used against the answerer in any other proceeding, the Federal courts have held that the claim of a privilege against self-incrimination is unavailing as a reason to refuse to answer a request for admissions of fact in a civil injunctive action, *Securities and Exchange Commission v. MacElvain,* 417 F.2d 1134, 1137–38 (5th Cir.1969), *cert. denied,* 397 U.S. 972, 90 S.Ct. 1087, 25 L.Ed.2d 265 (1970), or in an action that involves only civil sanctions imposed as deterrents rather than punishment. *Woods v. Robb,* 171 F.2d 539, 541 (5th Cir.1948). Likewise, we hold that Katin's claim of a Fifth Amendment privilege against self-incrimination is unavailing as the reason to refuse to either admit or deny the Rule 169 request for admissions of fact in this civil injunctive action involving only civil sanctions, because his admissions, if made, could not be used against him in any other proceeding. Accordingly, the trial court did not err in ordering the facts admitted. *Accord, Sanders v. Harder, supra,* 227 S.W.2d at 208–09.

The judgment is affirmed.