**Opinion issued March 12, 2013**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-12-00607-CV

————————————

## IN RE TERRI COX FERGUSON, Relator

---

### Original Proceeding on Petition for Writ of Mandamus

---

## O P I N I O N

Relator, Terri Cox Ferguson, has filed a motion for rehearing. *See* TEX. R. APP. P. 49.3. We deny Ferguson's motion for rehearing. I withdraw my January 10, 2013 opinion and substitute this opinion in its place.

By petition for writ of mandamus, Ferguson challenges the trial court's order compelling her response to certain requests for admissions in the underlying suit

filed by real party in interest, Mario Bernal.[1]  In her sole issue, Ferguson contends that the trial court abused its discretion in ordering her to respond in violation of the United State Constitution's Fifth Amendment privilege against self-incrimination.

We deny the petition for writ of mandamus.

## Background

In her petition, Ferguson represents that Bernal has filed a suit against her for wrongful death and survival, alleging that Ferguson negligently caused the death of Gabriela Deyanira Rodriguez.  In his response to Ferguson's petition, Bernal asserts that Ferguson, "[w]hile intoxicated," struck Rodriguez, a pedestrian, with her car and "continued driving for approximately 14.5 miles" before being stopped by a police officer.  Bernal asserts that Rodriguez's injuries "were so severe that [she] eventually died."

Ferguson also represents that a grand jury issued a true bill of indictment, accusing her of committing the offenses of intoxication manslaughter, failure to stop and render aid, and felony murder.  And Bernal has attached to his response a copy of an indictment in which it is alleged that Ferguson committed the offense of

---

[1]     The underlying trial court case is styled *Mario Bernal, Individually, as Heir at Law, as Representative of the Estate of Gabriela Deyanira Rodriguez, Deceased, and as Next Friend of Minors Mario Alberto Bernal, Yaniss Victoria Bernal and Jennifer Yareth Bernal*, in the 133rd District Court, Harris County, Texas, No. 2011-72784, the Honorable Jaclanel McFarland presiding.

2

intoxication manslaughter by "operating a motor vehicle in a public place while intoxicated and by reason of that intoxication, caus[ing] the death of . . . Rodriguez."

Bernal served Ferguson with requests for admissions, in which he asked Ferguson to:

1.      Admit that You do not contend that any defect or failure on the part of Your Vehicle caused the Incident.

2.      Admit that You do not contend there is a Responsible Third Party not named by Plaintiff as a defendant in this lawsuit.

3.      Admit that You were not on any prescription medication at the time of the Incident.

4.      Admit that You are not claiming that You suffered from any medical condition immediately prior to the Incident that caused the Incident.

5.      Admit that You are not claiming that You suffered from any medical condition immediately prior to the Incident that contributed to causing the Incident.

6.      Admit that Your Vehicle was involved in the Incident.

7.      Admit that Gabriela Deyonira Rodriguez was killed as a result of the Incident.

8.      Admit that You suffered no physical injuries as a result of the Incident.

9.      Admit that You did not stop at the scene to render aid following the Incident.

10.     Admit that You did not call 911 at any [time] following the Incident.

3

11. Admit that You did not return to the scene of the Incident voluntarily.

12. Admit that You struck Gabriela Deyonira Rodriguez with Your Vehicle.

14. Admit that You failed to maintain a single marked lane of travel at the time of the Incident.

15. Admit that You failed to drive in a single lane at the time of the Incident.

16. Admit that You operated Your Vehicle in a reckless manner at the time of the Incident.

17. Admit that You failed to control Your speed at the time of the Incident.

18. Admit that Gabriela Deyonira Rodriguez did not cause the Incident.

19. Admit that You owed a duty to Gabriela Deyonira Rodriguez to use ordinary care in the operation of Your Vehicle.

20. Admit that at the time of the Incident You breached the duty to use ordinary care in the operation of Your Vehicle.

21. Admit that Gabriela Deyonira Rodriguez sustained fatal injuries in the Incident.[2]

In her "Defendant's Objections and Responses to Plaintiff's Request for Admissions," Ferguson responded, for each of the above requests, "On the advice of counsel, I hereby assert my rights under the Fifth Amendment to the United

---

[2] There was no request for admission number 13.

4

States Constitution and decline to answer this question." She then, "[s]ubject to and without waiving the foregoing objection," responded, "DENY" for each of the above requests.

Bernal then filed a Motion to Compel Ferguson's responses to the requests. Both Ferguson and Bernal represent that the trial court held two hearings on the motion. The trial court granted Bernal's motion and overruled Ferguson's assertion of the Fifth Amendment privilege for each of Bernal's requests.

## Standard of Review

Mandamus is an extraordinary remedy that is available only when (1) a trial court clearly abuses its discretion and (2) there is no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). With respect to a trial court's determination of legal principles, "[a] trial court has no 'discretion' in determining what the law is or applying the law to facts." *In re Prudential*, 148 S.W.3d at 135 (quoting *Walker*, 827 S.W.2d at 840).

## Requests for Admissions and the Fifth Amendment Privilege

In her sole issue, Ferguson argues that the trial court erred in ordering her to respond to Bernal's requests for admissions because her responses "might tend to

subject her to further criminal prosecution and/or aid the criminal prosecutor in the preparation of the criminal case currently pending against her."

The United States Constitution both guarantees that a person may not be compelled to testify or give evidence against herself. *See* U.S. CONST. amend. V; *Maness v. Meyers*, 419 U.S. 449, 461, 95 S. Ct. 584, 592 (1975); *In re Commitment of Lowe*, 151 S.W.3d 739, 745 (Tex. App.—Beaumont 2004, no pet.). The Fifth Amendment can be asserted in civil cases "wherever the answer might tend to subject to criminal responsibility [she] who gives it." *Tex. Dept. of Pub. Safety Officers Ass'n v. Denton*, 897 S.W.2d 757, 760 (Tex. 1995) (quoting *McCarthy v. Arndstein*, 266 U.S. 34, 40, 45 S. Ct. 16, 17 (1924)). Thus, it may be asserted to avoid general civil discovery if the person invoking it reasonably fears the answer would tend to incriminate her. *Id.*; *see also Wehling v. Columbia Broad. Sys.*, 608 F.2d 1084, 1086 (5th Cir. 1979). However, blanket assertions of the privilege in civil cases are impermissible. *See Lowe*, 151 S.W.3d at 745; *In re Commitment of Browning*, 113 S.W.3d 851, 862 n.10 (Tex. App.—Austin 2003, pet. denied). And the privilege must be asserted on a question-by-question basis. *Lowe*, 151 S.W.3d at 745; *In re Verbois*, 10 S.W.3d 825, 828 (Tex. App.—Waco 2000, orig. proceeding).

Moreover, in a civil suit, a witness's decision to invoke the privilege is not absolute. *In re Speer*, 965 S.W.2d 41, 45 (Tex. App.—Fort Worth 1998, orig.

6

proceeding). A trial court is entitled to determine whether the assertion of the privilege appears to be based upon the good faith of the witness and is justifiable under all of the circumstances. *Ex Parte Butler*, 522 S.W.2d 196, 198 (Tex. 1975); *In re R.R.*, 26 S.W.3d 569, 574 (Tex. App.—Dallas 2000, orig. proceeding); *Speer*, 965 S.W.2d at 45. Before compelling answers to discovery in a civil case over an assertion of the Fifth Amendment privilege, the court must be "perfectly clear, from a careful consideration of all the circumstances in the case, that the witness is mistaken, and that the answer(s) cannot possibly have such tendency to incriminate." *Butler*, 522 S.W.2d at 198. Upon a party's assertion of the Fifth Amendment privilege to a discovery request in a civil suit, the trial court reviews the discovery request, applies the law of privilege, discovery, and protection to the request, and determines how best to protect the privilege, the right to proceed with the case, and the right to defend the suit. *Speer*, 965 S.W.2d at 45–46; s*ee In re R.R.*, 26 S.W.3d at 574. "It is the trial court's duty to consider the witness's evidence and argument on each individual question and determine whether the privilege against self-incrimination is meritorious." *Lowe*, 151 S.W.3d at 745 (quoting *Speer*, 965 S.W.2d at 46).

The inquiry by the court is necessarily limited because the witness only has to show that a response is likely to be hazardous to her. *Speer*, 965 S.W.2d at 45. The witness cannot be required to disclose the very information the privilege

7

protects. *Butler*, 522 S.W.2d at 198; *Speer*, 965 S.W.2d at 45. Each question for which the privilege is claimed must be studied, and the court must forecast whether an answer to the question could tend to incriminate the witness in a crime. *Speer*, 965 S.W.2d at 45.

Critical to the analysis, in regard to requests for admissions, the Texas Rules of Civil Procedure provide that,

> Any admission made by a party under this rule may be used *solely in the pending action and not in any other proceeding*.

TEX. R. CIV. P. 198.3 (emphasis added). And the primary purpose of requests for admissions is to simplify trials by eliminating matters about which there is no real controversy. *Boulet v. State*, 189 S.W.3d 833, 838 (Tex. App.—Houston [1st Dist.] 2006, no pet.); *Peralta v. Durham*, 133 S.W.3d 339, 341 (Tex. App.—Dallas 2004, no pet.).

In *In re Speer*, the First State Bank of Texas served Speer with "requests for admissions, requests for production of documents, and interrogatories" in the bank's suit against Speer for breach of contract. 965 S.W.2d at 44. Speer denied all the requests for admissions and answered only some of the interrogatories; asserting the Fifth Amendment privilege, he raised numerous objections to the unanswered interrogatories and the requests for production. *Id.* The bank filed a motion to compel, arguing that Speer had waived his right to assert the Fifth

8

Amendment privilege by answering the requests for admissions and some of the interrogatories. *Id.* The Fort Worth Court of Appeals held that Speer did not waive his Fifth Amendment privilege by answering the requests for admissions. *Id.* at 46. Noting that the Texas Rules of Civil Procedure specifically provide that an admission may not be used against a party "in any other proceeding," the court reasoned that "a party may not assert the privilege against self-incrimination as a reason for refusing to answer requests for admission." *Id.*

In support of its reasoning, the court in *Speer* relied on *Katin v. City of Lubbock*, 655 S.W.2d 360 (Tex. App.—Amarillo 1983, writ ref'd n.r.e.). In *Katin*, the defendant challenged the trial court's rendition of summary judgment in which it declared that Katin had violated a zoning ordinance. *Id.* at 361. Some of the evidence supporting the summary judgment consisted of facts deemed to be admitted after Katin, asserting the Fifth Amendment privilege, had refused to admit or deny certain requests for admissions. *Id.* at 362. The Amarillo Court of Appeals held that Katin could not assert the Fifth Amendment privilege in refusing to answer requests for admissions of fact because "the rule language prevents the requested admissions, if made, from being used against the answerer in any other proceeding." *Id.* at 163. Accordingly, the court held that the trial court did not err in deeming admitted the facts asserted in the City's requests for admissions. *Id.*

In support of her argument that she properly asserted the Fifth Amendment privilege in reply to Bernal's requests for admissions, Ferguson relies on two federal court opinions: *Davis-Lynch v. Moreno*, 667 F.3d 539 (5th Cir. 2012) and *Gordon v. Federal Deposit Insurance Corp.*, 427 F.2d 578 (D.C. Cir. 1970).  In *Moreno*, the United States Court of Appeals for the Fifth Circuit stated generally, without elaboration, that "a party may invoke the Fifth Amendment privilege during the discovery process to avoid answering questions at a deposition, responding to interrogatories or requests for admissions, or to produce documents." 667 F.3d at 547 (citing 8 Charles Wright, Arthur R. Miller and Richard L. Marcus, Federal Practice and Procedure § 2018, 3d ed. 2005)).

In *Gordon*, a civil defendant asserted the Fifth Amendment privilege in response to the plaintiff's requests for admissions because "the matters and things requested involve the circumstances and subject matter of a pending indictment." 427 F.2d at 579.  The federal district court, "without explanation," directed the defendant to answer the requests for admissions and, when the defendant further refused, it granted summary judgment in favor of the plaintiff "'solely' on [the order directing the defendant to respond] and defendant's failure to comply" because "the matters on which plaintiff requested an admission are deemed admitted by defendant."  *Id.*  In the defendant's appeal from the summary judgment, the United States Court of Appeals for the District of Columbia Circuit

10

noted that the federal rule regarding requests for admissions provided that an answer to a request for admission may not be used in "any other proceeding." *Id.* at 311 (citing FED. R. CIV. P. 36(b)). However, the court recognized the possibility that such answers could be used by a criminal prosecutor "as a confirmation that facilitates preparation of the criminal case, or perhaps as a lead to other evidence, which is part of the protection of the constitutional privilege." *Id.* Because the federal district court "made no findings" regarding why it had denied the defendant's motion to strike the request for admissions, the court concluded that there was "no indication" that the trial court "had considered the possibility of incrimination through more indirect use of any admissions." *Id.* The court reversed the summary judgment and remanded the case back to the district court "to clarify the reasons" for denying the defendant's motion to strike the requests for admissions. *Id.*

Here, although both parties assert that the trial court held two oral hearings on Bernal's motion to compel, Ferguson has not provided this court with a reporter's record of the hearings. A party bringing a petition for writ of mandamus must file with this Court:

> (1)  a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding; and

11

(2)    a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter complained.

TEX. R. APP. P. 52.7(a). And it is the burden of the relator to bring forth a sufficient record demonstrating that the trial court has abused its discretion, so as to entitle her to mandamus relief. *See Walker*, 827 S.W.2d at 837; *In re Bill Heard Chevrolet, Ltd.*, 209 S.W.3d 311, 314 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding).

When a party asserts the Fifth Amendment privilege in a civil case, the trial court applies the law of privilege, discovery, and protection to the request, and determines how best to protect the privilege, the right to proceed with the case, and the right to defend the suit. *Speer*, 965 S.W.2d at 45–46. The trial court is to "consider the witness's evidence and argument on each individual question and determine whether the privilege against self-incrimination is meritorious." *Lowe*, 151 S.W.3d at 745 (quoting *Speer*, 965 S.W.2d at 46).

Here, as in *Gordon*, there is no indication of how or why the trial court overruled Ferguson's assertion of the Fifth Amendment privilege and granted Bernal's motion to compel. Ferguson has not provided this Court with an

12

authenticated transcript of any relevant testimony.[3] From the record before us, it cannot be determined whether Ferguson established to the trial court how her answers may tend to incriminate her in the criminal proceedings despite the provision in rule 198.3 that her answers could "not be used against [her] in any other proceeding." And it cannot be determined whether the trial court properly applied the law of privilege as to each individual request for which Ferguson asserted her Fifth Amendment privilege. Accordingly, I would hold that Ferguson has not presented us with a record that is adequate to support the issuance of a writ of mandamus.

In sum, it cannot be concluded that the trial court acted in an arbitrary or unreasonable manner in overruling Ferguson's assertion of the Fifth Amendment privilege and ordering her to respond to Bernal's requests for admissions. *See, e.g., In re Pilgrim's Pride Corp.*, 187 S.W.3d 197, 198–99 (Tex. App.—Texarkana 2006, orig. proceeding) (holding that appellate court could not determine whether trial court abused its discretion in denying relator's motion to compel the other

---

[3] In her motion for rehearing, Ferguson asserts that at both oral hearings, "there was no evidence heard and no record made." She also asserts, without any support in the record, that the trial court ruled that any use of the Fifth Amendment privilege is unavailable in response to requests for admissions. However, the only indication we have of the trial court's ruling is its order overruling her assertion of the Fifth Amendment privilege to the specific requests for admissions, not an order ruling that any use of the privilege is unavailable under the same circumstances. And Ferguson also did not include in the record Bernal's motion to compel, her response to the motion to compel, or Bernal's response, all of which are referenced in the trial court's order.

party to produce documents because it could "only speculate whether there was evidence to support the trial court's denial"); *see also In re Le*, 335 S.W.3d. 808, 813–14 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding) (holding that record was inadequate to conclude that trial court abused its discretion in awarding "death penalty" sanctions where relator did not provide court with hearings on sanctions or motion to compel).

## Conclusion

We **deny** the petition for writ of mandamus.


Terry Jennings
Justice

Panel consists of Chief Justice Radack and Justices Jennings and Keyes.

Chief Justice Radack, concurring in result only.

Justice Keyes, dissenting.