### Fourth Court of Appeals
#### San Antonio, Texas


## DISSENTING OPINION

No. 04-16-00333-CV

**IN RE** Cleo **BUSTAMANTE**, Jr.,

Original Mandamus Proceeding[1]

Opinion by:      Marialyn Barnard, Justice
Dissenting Opinion by:  Rebeca C. Martinez, Justice, joined by Luz Elena D. Chapa, Justice
Dissenting Opinion by:  Luz Elena D. Chapa, Justice

Sitting en banc:  Sandee Bryan Marion, Chief Justice
                 Karen Angelini, Justice
                 Marialyn Barnard, Justice
                 Rebeca C. Martinez, Justice
                 Patricia O. Alvarez, Justice
                 Luz Elena D. Chapa, Justice
                 Jason Pulliam, Justice

Delivered and Filed:  November 23, 2016

I respectfully dissent.[2] The majority adopts a new, rigid rule regarding motions for leave to designate responsible third parties (RTP motions) that is directly contrary to *In re Prudential Insurance Company of America*, 148 S.W.3d 124 (Tex. 2004). In *Prudential*, the Supreme Court of Texas required that we conduct a case-by-case benefits-and-detriments analysis and not adopt rigid rules to determine whether an appeal is an inadequate remedy. *See id.* at 136; *see also In re*

---

[1] This proceeding arises out of Cause No. 12-05-27517, styled *Roberto Fernandez and Maria Imelda Flores v. Abaco Consultants, Inc., et al.*, pending in the 365th Judicial District Court, Maverick County, Texas, the Honorable Amado J. Abascal, III presiding.

[2] I also agree with Justice Martinez's dissenting opinion. This case does not merit the resources of the *en banc* court. *See* TEX. R. APP. P. 41.2(c). No party to this proceeding has asked us to overrule any of our prior cases or presented any arguments in support of us doing so. *Sua sponte* overruling prior cases unnecessarily raises "efficiency, fairness, and legitimacy" concerns. *See Sw. Bell Tel. Co. v. Mitchell*, 276 S.W.3d 443, 447 (Tex. 2008).

*H.E.B. Grocery Co.*, 492 S.W.3d 300, 304 (Tex. 2016) (orig. proceeding) (per curiam); *In re Reece*, 341 S.W.3d 360, 374 (Tex. 2011) (orig. proceeding); *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 464 (Tex. 2008) (orig. proceeding). However, the majority adopts a rule that an appeal is always an inadequate remedy for the denial of an RTP motion. Because this rule does not allow us to consider the circumstances of this case or the circumstances of future cases, the majority's rule is rigid and "necessarily inconsistent with the flexibility that is the remedy's principle." *See Prudential*, 148 S.W.3d at 136.

I would deny mandamus relief regarding Relator's RTP motion because Relator has failed to demonstrate this is an extraordinary case justifying the extraordinary relief of mandamus. Relator has not presented a mandamus record demonstrating that—under the circumstances presented in this case—the benefits of mandamus relief outweigh the detriments. Contrary to *Prudential*, the majority does not conduct a case-specific benefits-and-detriments analysis or consider whether Relator has presented a mandamus record showing that an appeal is an inadequate remedy. As a result, the majority overlooks that: (1) there is still a motion for summary judgment pending and this case might not even go to trial; and (2) this case is a relatively straightforward personal injury case. I believe the majority sets the bar too low for appellate courts to continue calling mandamus an extraordinary writ.

### The Majority Adopts a New Minority Rule

The majority cites numerous cases addressing whether an appeal is an inadequate remedy to correct the erroneous denial of an RTP motion. The majority characterizes these cases as a split of authority, and suggests other courts hold either (1) an appeal is always inadequate or (2) an appeal is never inadequate. The majority expressly adopts a rule that an appeal will always be an inadequate remedy for the erroneous denial of an RTP motion.

Discussing the same cases that the majority cites, one of our sister courts has concluded there is no split of authority because other courts consistently apply *Prudential*'s balancing test on a case-by-case basis. *In re CVR Energy, Inc.*, — S.W.3d —, No. 01-15-00877-CV, 2016 WL 3544883, at *10-12 (Tex. App.—Houston [1st Dist.] June 28, 2016, orig. proceeding [mand. filed]) (op. on reh'g). As the *CVR Energy* court explained, the cases reach different outcomes as to whether an appeal is an inadequate remedy because "[e]ach accumulation of circumstances in the cases presented for mandamus review presents a different balance of factors." *Id.* As suggested by the *CVR Energy* court's analysis, no other court of appeals has adopted the majority's rigid rule that an appeal will always be an inadequate remedy for the erroneous denial of an RTP motion. *See id.* I respectfully disagree with the majority's suggestion that all cases in which a trial court erroneously denies an RTP motion are the same. *See id.*

By adopting the rigid "appeal will always be inadequate" rule, the majority has created a new, minority rule. *See id.* This rule does not allow us to consider the circumstances presented in this case or in future cases, which deprives this court of the "flexibility that is the remedy's principle." *See Prudential*, 148 S.W.3d at 136. In determining whether there is an adequate remedy by appeal for the erroneous denial of an RTP motion, we must follow *Prudential* and consider the benefits and detriments of granting mandamus relief based on the mandamus record Relator has presented. *See id.*; *see also* TEX. R. APP. P. 52.7; *In re Woodfill*, 470 S.W.3d 473, 475 (Tex. 2015) (orig. proceeding) (per curiam); *Prudential*, 148 S.W.3d at 135-36; *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding) (explaining relators "had the burden of providing this Court with a sufficient record to establish their right to mandamus relief.").

**Benefits-and-Detriments Analysis**

I would hold the mandamus record in this particular case does not show that the benefits

of mandamus relief outweigh the detriments. The three considerations courts generally cite when

granting mandamus relief to correct the erroneous denial of an RTP motion are:

> (1) denial of the right to designate responsible third parties would skew the proceedings, potentially affect the outcome of the litigation, and compromise the presentation of [the relator's] defense in ways unlikely to be apparent in the appellate record;

> (2) there would be a substantial waste of time and money to proceed to trial without error correction; and

> (3) review would allow appellate courts to offer needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments.

*See CVR Energy*, 2016 WL 3544883, at *11-12 (footnotes and internal quotation marks omitted).

A relator has the burden to present a mandamus record showing that granting mandamus to correct

an erroneous denial of an RTP motion would likely achieve such benefits and outweigh the

detriments in that particular case. *See id.*; *see also* TEX. R. APP. P. 52.7; *H.E.B.*, 492 S.W.3d at 304;

*Woodfill*, 470 S.W.3d at 475; *Reece*, 341 S.W.3d at 374; *McAllen*, 275 S.W.3d at 464; *Prudential*,

148 S.W.3d at 135-36; *Walker*, 827 S.W.2d at 837; *In re Ferguson*, 445 S.W.3d 270, 277 (Tex.

App.—Houston [1st Dist.] 2013, orig. proceeding [mand. dism'd]).

**1. Does the mandamus record show the denial of Relator's RTP motion will skew the proceedings, affect the outcome, and compromise Relator's defense in ways unlikely to be apparent in the appellate record?**

These considerations were first raised in *Jones v. Ray*, 886 S.W.2d 817, 822 (Tex. App.—

Houston [1st Dist.] 1994, orig. proceeding) (op. on reh'g). In *Jones*, the court held an appeal was

inadequate to correct a Harris County trial court's erroneous order severing claims against 18 of

31 defendants and transferring claims against those 18 defendants to Lubbock County for a

separate proceeding. *Id.* at 817-23. The court's concern was having parallel proceedings that would allow the defendants in both proceedings to "introduce the 'empty chair defense.'" *Id.* at 822.

Although *Jones* did not involve an RTP motion, another court quoted *Jones*'s concerns when a party sought mandamus relief for a trial court's denial of an RTP motion. *In re Arthur Andersen LLP*, 121 S.W.3d 471, 485-86 (Tex. App.—Houston [14th Dist.] 2003, orig. proceeding [mand. denied]). Before emphasizing the enormity and complexity of the case, which involved several complex transactions relating to the Enron collapse, the *Arthur Anderson* court briefly suggested *Jones*'s concerns were equally applicable in the RTP context. *Id.*

The *Arthur Anderson* court applied the original RTP statute that appeared to be a joinder-of-parties statute that arguably presented an issue similar to severance of parties. *See id.* But the denial of an RTP motion does not create parallel proceedings, introduce an "empty chair defense" in each of the separate proceedings, or inherently present concerns about the appellate record, as did the severance and transfer orders in *Jones*.

And contrary to the *Arthur Anderson* court's hypothesis, appellants have had no difficulty proving harm from the appellate record in an ordinary appeal when the trial court deprived them of their statutory right to have the jury determine the responsibility of third parties and settling persons.[3] The harm standard for the erroneous denial of an RTP motion is a standard analogous to the not-so-unfamiliar harm standard for charge error. *ExxonMobil Corp. v. Pagayon*, 467 S.W.3d 36, 54 (Tex. App.—Houston [14th Dist.] 2015, pet. granted). This harm standard requires a court of appeals to examine the whole record to determine whether third party liability was a contested,

---

[3] Courts of appeals have held, in ordinary appeals, that the denial of an RTP motion was harmful. *See, e.g.*, *ExxonMobil Corp. v. Pagayon*, 467 S.W.3d 36, 54 (Tex. App.—Houston [14th Dist.] 2015, pet. granted); *Sun Dev., L.P. v. Hughes*, No. 09-12-00524-CV, 2014 WL 4755467, at *13 (Tex. App.—Beaumont Sept. 25, 2014, pet. denied) (mem. op.); *Janga v. Colombrito*, 358 S.W.3d 403, 413 (Tex. App.—Dallas 2011, no pet.); *MCI Sales & Serv., Inc. v. Hinton*, 272 S.W.3d 17, 35-43 (Tex. App.—Waco 2008), *aff'd*, 329 S.W.3d 475 (Tex. 2010); *Olympic Arms, Inc. v. Green*, 176 S.W.3d 567, 576 (Tex. App.—Houston [1st Dist.] 2004, no pet.).

critical issue. *See id.* This harm standard generally does not present extraordinary difficulties for appellants.

The *CRV Energy* court provided the most in-depth explanation of how the denial of an RTP motion might compromise a defense in ways unlikely to be apparent in the appellate record:

> [The alleged responsible third party]'s exclusion might affect the relevance and admissibility of evidence concerning its liability, making it more difficult for [the movant] to identify, post-trial, proof that the jury would have attributed responsibility to [the third party] had it been permitted to do so.

*CVR Energy*, 2016 WL 3544883, at *12. It appears this explanation does not adequately account for the movant's ability to make an offer of proof or bill of exception when the trial court excludes evidence. *See* TEX. R. APP. P. 33.2; TEX. R. EVID. 103(a)(2); *In re Estate of Miller*, 243 S.W.3d 831, 837 (Tex. App.—Dallas 2008, no pet.).

Here, Relator argues the benefits of granting mandamus include: (1) not "skewing the proceedings"; (2) preventing a waste of time and money enduring reversal of an improperly conducted trial; (3) protecting Relator's statutory right to have the jury evaluate the responsibility of responsible third parties; and (4) protecting Relator's ability to appeal because "harm [is] unlikely to appear in the appellate record." Relator has not explained how the trial court's denial of his RTP motion in this particular case would likely "compromise the presentation of [his] defense in ways unlikely to be apparent in the appellate record." *See In re Brokers Logistics, Ltd.*, 320 S.W.3d 402, 408 (Tex. App.—El Paso 2010, orig. proceeding). Just like appellants in many other cases, Relator has an adequate remedy by appeal of the trial court's denial of his RTP motion after a final judgment and could vindicate his statutory right to have one jury apportion responsibility as per the current RTP statute in a remand for a new trial. *See* TEX. R. APP. P. 43.3.

Furthermore, the mandamus record shows the underlying case was filed in 2012, Relator filed his RTP motion on October 23, 2015, and trial was set to commence on June 13, 2016. Relator

has not argued or explained how the trial court's ruling would "skew" or affect any proceeding other than the trial. Thus, Relator's remaining arguments address the second concern cited by courts in RTP cases: the possibility of a wasted trial.

**2. Will proceeding to trial without error correction waste a substantial amount of time and money?**

Relator's arguments posit, in essence, that mandamus is beneficial to avoid a wasted trial. But because it is undisputed there is a pending motion for summary judgment, this case might not even go to trial to determine Relator's liability. This case is therefore distinguishable from *Brokers Logistics* because, there, the court had already determined there was a fact issue regarding the relator's liability to be resolved in a jury trial. *See* 320 S.W.3d at 408. Here, it is speculative that the trial court will deny Relator's motion for summary judgment. And even if the case did proceed to a jury trial on Relator's liability, Relator further assumes the jury will find him liable, which the mandamus record shows is also speculative.

Assuming the case proceeds to trial, Relator is found liable, the jury awards more damages against Relator than it would have with the proper jury charge, and the case is reversed and remanded for a new trial, the additional cost and delay resulting from a skewed and wasted trial does not necessarily make an appeal an inadequate remedy. *See McAllen*, 275 S.W.3d at 468; *In re AIU Ins. Co.*, 148 S.W.3d 109, 116 (Tex. 2004) (orig. proceeding); *Walker*, 827 S.W.2d at 842. An appeal is the typical remedy for obtaining a new trial when a trial court commits reversible error that "skews" the proceedings.

Whether a wasted trial makes an appeal inadequate depends heavily on the type of case that would have to be retried. *See CVR Energy*, 2016 WL 3544883, at *10-12; *Arthur Andersen*, 121 S.W.3d at 484-86. The mandamus record shows there are two plaintiffs and one defendant in the underlying case. The plaintiffs, husband and wife, allege the husband was walking on premises

controlled by Relator when the husband was hit by a driver. Based on these facts, plaintiffs argue two theories of liability against Relator: negligent undertaking and premises liability. The plaintiffs seek damages for personal injury, the reasonable value of the household services the husband can no longer perform, and the wife's loss of consortium.

The mandamus record shows this is a "relatively straightforward personal injury case." *See In re Unitec Elevator Servs. Co.*, 178 S.W.3d 53, 64-66 (Tex. App.—Houston [1st Dist.] 2005, orig. proceeding) (denying mandamus relief). This case does not present an "Enron collapse"-type situation as in *Arthur Andersen*. *See* 121 S.W.3d at 484-86 (granting mandamus relief). Relator has also failed to produce documents showing whether there are, as there were in *CVR Energy*, thousands of relevant documents produced in this suit, numerous depositions taken, or expectations that a trial would last at least two weeks. *See CVR Energy*, 2016 WL 3544883, at *12. Thus, this case does not present the possibility of an enormous waste of resources in the trial court.

**3. Does mandamus allow this court to offer needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments?**

There is no apparent reason why this court would be less able to address the proper construction of the word "timely" in the RTP statute in an appeal from a final judgment in this case. It would be preferable to have a complete appellate record and some colorable assertion of harm before deciding this issue. *See Walker*, 827 S.W.2d at 842-43. Furthermore, other courts of appeals have been able to develop a body of case law construing the RTP statute in appeals from final judgments. *See, e.g.*, *ExxonMobil*, 467 S.W.3d at 48-53; *Sun Dev.*, 2014 WL 4755467, at *11-14; *MCI Sales*, 272 S.W.3d at 35-43; *Olympic Arms*, 176 S.W.3d at 572-76. There is no reason why this court would be unable to do the same.

**4. Does the benefit of addressing a possibility that this straightforward personal injury case might be tried twice outweigh the detriments of lowering the bar for mandamus relief in future cases before this court?**

When considering the detriments, appellate courts should consider not only the time they spend in disposing of the proceeding, but (1) whether the case lowers the standard for when an appeal is an inadequate remedy; and (2) how much the standard is lowered. *See Walker*, 827 S.W.2d at 842 (discussing what granting mandamus in that particular case would justify in other cases); *see also McAllen*, 275 S.W.3d at 473-74 (Wainwright, J., dissenting). Without the "adequate remedy by appeal" standard substantially limiting the cases in which mandamus should issue, "appellate courts would embroil themselves unnecessarily in incidental pre-trial rulings of the trial courts and mandamus would soon cease to be an extraordinary writ." *Walker*, 827 S.W.2d at 842 (internal quotation marks omitted). It is undisputable that lowering the "adequate remedy by appeal" bar dramatically increases the number of mandamus filings. *See* Lisa Bowlin Hobbs, *The Top 10 Things the Appellate Specialist Should Know About Mandamus Practice*, State Bar of Texas, 29th Annual Advanced Civil Appellate Practice, at 15 (2015).

Granting mandamus relief in this case lowers the bar for when an appeal is inadequate to correct an erroneous denial of an RTP motion. Unlike other cases in which courts of appeals have granted mandamus relief, this is a relatively straightforward personal injury case that has the possibility of being resolved by the pending motion for summary judgment. *Cf. CVR Energy*, 2016 WL 3544883, at *12; *Brokers Logistics*, 320 S.W.3d at 408; *Arthur Andersen*, 121 S.W.3d at 484, 486. Other courts have not been willing to lower the "adequate remedy by appeal" bar to include such cases. *See, e.g.*, *Unitec*, 178 S.W.3d at 64-66 (declining to hold an appeal was inadequate in a "relatively straightforward personal injury case"). If mandamus is appropriate in this case, then it is appropriate in almost any case in which a trial court's erroneous ruling has any possibility of resulting in the granting of a new trial—regardless of the nature of the case or its procedural

posture. The benefit of addressing a possibility that this straightforward personal injury case might be tried twice does not outweigh the detriments of lowering the bar for mandamus relief in future cases before this court.

## Conclusion

For the foregoing reasons, I respectfully dissent.

Luz Elena D. Chapa, Justice