

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-23-00094-CV

IN RE TERRY LYNN JONES

Original Mandamus Proceeding

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

# MEMORANDUM OPINION

In this case involving a fatal motor-vehicle collision, Terry Lynn Jones, the driver of a commercial tractor-trailer, filed a petition for a writ of mandamus asking this Court to vacate the trial court's order compelling discovery responses. Because Jones has failed to comply with the Texas Rules of Appellate Procedure, we deny his requested relief.

In responses to several requests for admissions propounded by the real parties in interest involving post-accident drug testing, Jones asserted a Fifth Amendment privilege. "[T]he Fifth Amendment provides that '[n]o person . . . shall be compelled in any criminal case to be a witness against himself.'" *United States v. Balsys*, 524 U.S. 666, 671 (1998) (quoting U.S. CONST. amend. V). "A party may invoke his Fifth Amendment privilege against self-incrimination in a civil proceeding if he reasonably fears that the answer sought might incriminate him." *In re Mize*, 558 S.W.3d 187, 194 (Tex. App.—Texarkana 2018, no pet.) (quoting *Dunne v. Brinker Tex., Inc.*, No. 05-16-00496-CV, 2017 WL 3431465, at *3 (Tex. App.—Dallas Aug. 10, 2017, pet. denied) (mem. op.)). "The privilege may be invoked 'during the discovery process to avoid answering questions at a deposition, responding to interrogatories or requests for admissions, or to produce documents.'" *Id.* (quoting *In re Ferguson*, 445 S.W.3d 270, 276 (Tex. App.—Houston [1st Dist.] 2013, orig. proceeding)). "The question is whether there is a risk that [Jones's responses] will be used in a proceeding that is a 'criminal case.'" *Balsys*, 524 U.S. at 671.

When determining privilege under the Fifth Amendment in this context, the Texas Supreme Court has explained that judges should employ the following standard:

2

> The judge is entitled to determine whether the refusal to answer appears to be based upon the good faith of the witness and is justifiable under all of the circumstances. The inquiry by the court is necessarily limited, because the witness need only show that an answer to the question is likely to be hazardous to him; the witness cannot be required to disclose the very information which the privilege protects. Before the judge may compel the witness to answer, he must be perfectly clear, from a careful consideration of all the circumstances in the case, that the witness is mistaken, and that the answer(s) cannot possibly have such tendency to incriminate.

*In re Nichol*, 602 S.W.3d 595, 601 (Tex. App.—El Paso 2019, orig. proceeding) (quoting *Ex parte Butler*, 522 S.W.2d 196, 198 (Tex. 1975) (orig. proceeding) (citations omitted)). Accordingly, "[e]ach question for which the privilege is claimed must be studied, and the court must forecast whether an answer to the question could tend to incriminate the witness in a crime." *Id.* (quoting *In re Charles*, No. 01-18-01112-CV, 2019 WL 2621749, at *3 (Tex. App.—Houston [1st Dist.] June 27, 2019, orig. proceeding) (mem. op.)).

When a party responds to a discovery request by asserting a Fifth Amendment privilege, "the trial court reviews the discovery request, applies the law of privilege, discovery, and protection to the request, and determines how best to protect the privilege, the right to proceed with the case, and the right to defend the suit." *Id.* (quoting *In re Ferguson*, 445 S.W.3d at 275). As a result, "the trial court still retains some leeway to determine how best to balance the competing interests of defendant's privilege, the plaintiffs' right to proceed with their case and their right to investigate potential claims, along with the right of defendant to defend the suit." *Id.* at 604. Also "[a] party's attempt to develop evidence in a civil case does not lead to any presumption that a party is trying to develop evidence for a contemporaneous criminal case." *In re R.R.*, 26 S.W.3d 569, 574 (Tex. App.—Dallas 2000, orig. proceeding) (citing *Meyer v. Tunks*, 360 S.W.2d 518, 522 (Tex. 1962) (orig. proceeding)). For this reason, "[b]lanket

3

assertions of the Fifth Amendment privilege generally are not permitted in civil cases." *In re Edge Cap. Grp., Inc.*, 161 S.W.3d 764, 768 (Tex. App.—Beaumont 2005, orig. proceeding).

Jones states in his petition that he "had already been 'no-billed' by the Cass County Grand Jury." Further review of Jones's petition shows that it contains blanket assertions of Fifth Amendment privilege and fails to "contain a clear and concise argument" as to why the trial court erred in its question-by-question analysis. TEX. R. APP. P. 52.3(h). Most critically, although a hearing was held on "Plaintiffs' Motion to Deem Admissions and Compel Defendant Terry Jones' Responses to Plaintiffs' First Requests for Admissions and Interrogatories," the mandamus record fails to include a transcript of the hearing, which would have likely included the trial court's analysis and evidence relied on by the trial court.[1]

"It is the relator's burden to provide this Court with a sufficient record to establish his or her right to mandamus relief." *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding). Our appellate rules require that the appendix contain "a certified or sworn copy of any order complained of, or any other document showing the matter complained of."[2] TEX. R. APP. P. 52.3(k)(1)(A). In addition, the rules require that the record contain "a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter complained." TEX. R. APP. P. 52.7(a)(2).

---

[1]The trial court's order stated that it considered the motion to compel, "evidence, and arguments of counsel."

[2]We note that the mandamus record, although sworn to include "a certified copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding," contains information clearly not before the court, including a lawyer's comments and notes contained within the margin of the mandamus record. TEX. R. APP. P. 52.7(a)(1).

4

We find that the mandamus petition fails to provide a complete record as required by Rule 52.7(a) and is insufficient to establish that the trial court abused its discretion. As a result, we deny the petition for a writ of mandamus.[3]

 

 

Charles van Cleef
Justice

Date Submitted:      December 12, 2023
Date Decided:        December 12, 2023

---

[3]The trial court's order compelling Jones's discovery responses was entered on November 22, 2023. On December 11 at 7:00 p.m., Jones filed this petition along with an emergency motion to stay his December 13 deadline to respond. Due to our disposition in this matter, we deny Jones's requested emergency relief.