**Opinion issued December 31, 2025**



In The

# Court of Appeals

For The

# First District of Texas

————————————

**NO. 01-25-01062-CV**

————————————

**IN RE ROSS WALTER MANSFIELD, Relator**

---

**Original Proceeding on Petition for Writ of Mandamus**

---

**MEMORANDUM OPINION**

Relator Ross Walter Mansfield, proceeding pro se, filed a Petition for Writ of Mandamus challenging the trial court's "(1) refus[al] to enforce a binding arbitration provision governing post-divorce disputes related to the sale of a jointly-owned, separate property residence, . . . (2) entertain[ment of] serial enforcement and contempt proceedings over matters committed by the parties' Agreed Final Decree of Divorce to binding arbitration, (3) . . . improper[] appoint[ment of] a receiver over

his separate property, and (4) . . . refus[al] to rule on Relator's properly filed motions."[1]  Relator also filed an Emergency Motion for Temporary Relief requesting a temporary stay of all proceedings in the trial court pending resolution of Relator's petition.

Relator's Petition for Writ of Mandamus does not comply with the Rules of Appellate Procedure.  *See* TEX. R. APP. P. 52.3(e) (requiring mandamus petition to "state, without argument, the basis of the [appellate] court's jurisdiction"); *In re Owens-Collins*, No. 01-24-00312-CV, 2024 WL 2278845, at *1 (Tex. App.—Houston [1st Dist.] May 21, 2024, orig. proceeding) (mem. op.) (denying petition for writ of mandamus for failure to comply with Texas Rules of Appellate Procedure).  Relator also failed to submit a complete and accurate record as required by the Texas Rules of Appellate Procedure, such as the "Order to Appoint Receiver and Submit to Arbitration" signed on December 8, 2025,[2] and "Findings of Fact and Conclusions of Law . . ." signed on December 16, 2025.[3]  *See* TEX. R. APP. P.

---

[1]  The underlying case is *In the Matter of the Marriage of Allyson Anne Mansfield and Ross Walter Mansfield and In the Interest of R.E.M., O.J.M., and C.C.M., Minor Children*, Cause No. 2020-71992, pending in the 245th District Court of Harris County, Texas, the Honorable Angela Lancelin presiding.

[2]  Relator complains that the trial court did not compel arbitration pursuant to the parties' divorce decree, however, the trial court ordered the parties to submit to arbitration as provided in their divorce decree.

[3]  Appellate courts may take judicial notice of facts outside the record when necessary to determine jurisdiction.  *See* TEX. R. EVID. 201(d); *In re Lombana*, 542 S.W.3d 699, 701 n.1 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding) (taking judicial notice of order that is publicly available on district clerk's website).

52.7(a)(1) (requiring relator in original proceeding to file sworn record including "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"); *In re Ferguson*, 445 S.W.3d 270, 278 (Tex. App.—Houston [1st Dist.] 2013, orig. proceeding) (holding record inadequate to support issuance of writ of mandamus). Relator stated that the trial court held a hearing for criminal contempt on December 4, 2025, and for his motion to dismiss on May 15, 2025, but he failed to submit a copy of the hearing transcripts. *See* TEX. R. APP. P. 52.7(a)(2) (requiring "transcript of any relevant testimony from any underlying proceeding" be filed by relator in original proceeding).

Relator further challenged the trial court's December 11, 2025 order appointing a receiver. The record, however, is silent as to whether Relator challenged that order in the trial court. Rule of Appellate Procedure 33.1 requires a party to first present his complaint to the trial court and obtain a ruling for purposes of preservation for appellate review. *In re Amoroso*, No. 10-19-00419-CV, 2020 WL 4218067, at *1 (Tex. App.—Waco July 17, 2020, orig. proceeding) (mem. op.); TEX. R. APP. P. 33.1(a); *In re Polymerica*, LLC, 271 S.W.3d 442, 448 (Tex. App.—El Paso 2008, orig. proceeding) (Rule 33.1 requirement applies to mandamus proceedings). "[Relator] was [thus] required to first raise this argument in the trial court before seeking relief in this [C]ourt, and because he failed to do so, his

3

complaint is not preserved for our review." *In re Mittelsted*, 661 S.W.3d 639, 659 (Tex. App.—[14th Dist.] Houston 2023, orig. proceeding) (citing TEX. R. APP. P. 33.1(a)(1)(A)). We deny Relator's Petition for Writ of Mandamus and Emergency Motion. TEX. R. APP. P. 52.8(a). All other pending motions are denied as moot.

**PER CURIAM**

Panel consists of Justices Rivas-Molloy, Guiney, and Morgan.